(9 Misc. Rep. 547.)

### PASTOR v. REGAN.

(Supreme Court, Special Term, Monroe County. August, 1894.)

FALSE IMPRISONMENT—ABUSE OF AUTHORITY—TRESPASS AB INITIO.

    A police officer who arrests a person on a criminal charge without a warrant, and detains him an unreasonable time without arraigning him before a magistrate, and without any direction of a magistrate, is liable as a trespasser ab initio.

Action by Juan F. Pastor against Michael Regan for false imprisonment. A verdict was rendered in favor of plaintiff, and defendant moves for a new trial. Denied.

Louis H. Jack, for plaintiff.

F. C. Laughlin, for defendant.

RUMSEY, J. This was an action for false imprisonment. The defendant, a police captain in the city of Buffalo, was called by telephone on the night of the 13th of April, 1893, to go to the Iroquois Hotel, in the city of Buffalo. On his arrival at that place he had conversation with a couple of men who had caused him to be sent for, as the result of which he arrested the plaintiff, without warrant, upon the charge of obtaining money by false pretenses. The arrest was made late at night of Thursday, or early in the morning of Friday. It appears from the testimony that after making the arrest the defendant took the plaintiff to the station house, and caused him to be confined. On Friday the plaintiff was taken by the defendant into the court room, but the attention of the police magistrate was not called to the plaintiff's case, it appearing that nobody was there to make a complaint. After keeping the plaintiff in the court room for an hour or so, the defendant, learning that the person who had made the complaint the night before was not to be found, took the plaintiff back, and

again placed him in confinement. The defendant did not call the matter to the attention of the police magistrate, nor was the plaintiff arraigned before the police magistrate, nor was any order made in regard to his case by the magistrate. He was simply taken from the court to his place of confinement by the defendant, without any direction of anybody, and there held, without warrant or process, from Friday until Monday afternoon, when, without being arraigned, he was discharged. Upon the trial the question was submitted to the jury whether the defendant, being an officer, had reasonable ground to believe at the time he arrested the plaintiff that a felony had been committed; and they were told that if he had such grounds, and made the arrest believing that the plaintiff was guilty of a felony, the arrest was justifiable. They were then told that, if the arrest was justifiable, it was the duty of the officer to take the person arrested, without unnecessary delay, before a magistrate, that he might be arraigned, or put upon his examination. They were told that if the person who makes the arrest did not take the party arrested before an officer, without unnecessary delay, but held him, without warrant from a magistrate, for an unnecessarily long time, and then let him go, without any direction, the law would say, not only that he went beyond the powers which the law gave him by way of holding the man at the time he made the arrest, but that he was a trespasser from the beginning, and the illegal act which he did, by holding him longer than he had the right to hold him, was deemed to revert back to the time of making the arrest, and the whole thing was illegal from the beginning. The jury were then told that, although they might come to the conclusion that the officer was justified in arresting the plaintiff, they must go further in the examination of the case, and satisfy themselves whether it appeared that after the arrest was made, and the man in custody, the officer did other things which the law required him to do, by way of enabling the person whom he had arrested to be put upon his examination, and to show whether or not it was proper to detain him further. The jury were told that it was the duty of the defendant to take the plaintiff before a magistrate without unnecessary delay, and that there was no legal right on the part of the defendant to detain the plaintiff, without taking him before a magistrate, from Friday until Monday; and it was submitted to them whether they would infer from the fact that the defendant illegally detained the plaintiff, without warrant, from Friday until Monday, and without arraigning him before a magistrate for all that time, that the arrest was illegal from the beginning, and that the defendant acted as a trespasser from the beginning of the arrest, and if they did so find they might give the plaintiff damages. The defendant's counsel excepted to so much of the charge as said that, if the jury find the arrest was illegal and the detention unreasonable, they might infer from that that the whole thing was illegal from the beginning. That exception raises the only question of law sought to be presented upon this motion.

That it was the duty of the defendant, having arrested this man, to take him, without unnecessary delay, before a magistrate, cannot be denied. Code Cr. Proc. § 165. That no such thing was done, but that the plaintiff was held in custody, without warrant, without arraignment, or without any direction of a magistrate, from Friday until Monday, not only clearly appears, but is conceded. The only question is, then, whether, because of that illegal detention, the defendant became a trespasser from the beginning, so that the fact that the arrest might have been originally legal was no protection to him in this action. The rule laid down in the Six Carpenters' Case, 8 Coke, 146, that if a man abuse an authority given him by the law he becomes a trespasser ab initio, has never been questioned. Indeed, the rule is not questioned in this motion, but the suggestion is made by the counsel for the defendant that this rule does not apply to the case of an arrest, but only to cases of unlawful or other seizures of property. That does not seem to be the case here. In the case of Tubbs v. Tukey, 3 Cush. 438, the precise question presented here was presented to the court, and it was held that the rule laid down in the Six Carpenters' Case applied to cases in which the arrest was legal, but the subsequent detention was illegal and unreasonable. The case of Brock v. Stimson, 108 Mass. 520, presented almost the precise question presented in this case. In that case the defendant, who was the chief of police for the city of Cambridge, had arrested the plaintiff upon the street for being drunk and disorderly and disturbing the peace. By the statute it was the duty of the defendant, having made the arrest for drunkenness, to detain the plaintiff until he was so far recovered that it was proper to take him before a court of justice, and then take him before a justice of the peace or police court, and make a complaint against him. The chief of police, in that case, having arrested the plaintiff, did not take him before a court, but detained him for a space of time, and then released him. The court instructed the jury that the failure of the defendant to take the plaintiff before the court as the law required made him a trespasser ab initio. The plaintiff had a verdict, and upon the hearing of the exceptions before the supreme court the judgment was affirmed; the court laying down the rule that an officer who, after having arrested a person on criminal process, omits to perform the duty required by law of taking him before a court, is a trespasser ab initio. Within the rule laid down in these cases, the court, upon the trial in this action, would have been justified in charging the jury, as matter of law, that the defendant, because of his failure to take the plaintiff before a court without unnecessary delay, was liable as a trespasser from the beginning. Instead of that, it was submitted to the jury whether they would infer the malicious intent from the beginning. This was more favorable to the defendant than he had any right to ask, and he certainly cannot complain of it.

The defendant insists that, although there may have been no error which would warrant the granting of a new trial, yet the damages are excessive, and for that reason a new trial should

be granted. It is undisputed that the plaintiff was arrested in a public place, in the city of Buffalo, late in the evening of Thursday; that he was taken to the police station, and there confined, without any warrant and without any process, until the following Monday, when he was permitted to depart. There was no proof of any indignity offered to the plaintiff, and nothing from which it can be inferred that any humiliation was put upon him, except such as would necessarily follow the arrest of a reputable man upon such a charge, and the long detention. Nor can it be said that there were any circumstances of especial pecuniary damage shown. The jury may have found from the evidence, and it must be assumed upon this branch of the motion that they did find, that the arrest was totally unjustifiable, because there was evidence to contradict seriously the testimony of the defendant that he was requested to make any arrest, or that any complaint was made to him that the plaintiff had been guilty of any crime. If they took that view of the case, as they well might, there was good reason why they should give a verdict for considerable damages. The evidence warranted them in saying that the act of the defendant was highhanded and unjustifiable. Where an officer of the law, under those circumstances, arrests a reputable citizen, and confines him for a considerable time, without process, it must rest largely in the discretion of the jury how large a sum they will assess as damages for such an injury. The amount fixed by the jury in this case was probably larger than would have been given by the court, but the jury are the tribunal especially charged with the decision of questions involving the amount of damages, and no court is at liberty to interfere with their decision unless there is a plain abuse of their discretion. The liberty of a citizen is a matter of pretty considerable importance, and it is not easy to say that such a sum as was given here is too great an amount to compensate a man for the arrest and detention to which this plaintiff was subjected. For these reasons I do not feel at liberty to interfere with the decision of the jury as to the amount of damages, and the motion for a new trial must be dismissed. Motion dismissed.