Samuel F. Stewart, Appellant, v. Bernard J. Feeley, Appellee.

Action for False Imprisonment: JUSTIFICATION: INSTRUCTIONS.
1 Where a police officer arrests a person under the authority of a city ordinance, and in defense to a suit for false imprisonment pleads the ordinance and a violation thereof in justification for the arrest, it is error for the court to instruct the jury in the law relating to vagrancy, or that if defendant had reasonable ground to believe the plaintiff was violating the law and he acted in good faith in making the arrest, for the reason there are no such issues in the case; and it is error to

instruct that the ordinance is valid only so far as it conforms to the statutes, as it leaves the jury to determine its validity.

Manner of Arrest: INSTRUCTION. An instruction regarding the manner of making an arrest not in conformity with Code, section 5199, is erroneous.

Release From Arrest: WAIVER OF CLAIM FOR DAMAGES. It is error to instruct the jury that release from arrest without examination before a magistrate is a waiver of claim for damages.

Arrest Without Warrant: DUTY OF OFFICER. Where an arrest is made without a warrant, it is the duty of the officer to take defendant before a magistrate and make complaint.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTH, Judge.

THURSDAY, DECEMBER 18, 1902.

ACTION for wrongful arrest and false imprisonment. Trial to a jury, verdict and judgment for defendant, and plaintiff appeals.—*Reversed*

*Huston & Lauder* for appellant.

No appearance for appellee.

DEEMER, J.—That plaintiff was arrested by defendant, who is a policeman in the city of Burlington, taken to the city jail, and there searched, locked in a cell, and within twenty minutes thereafter released by defendant and the station officer is conceded. The arrest was made about 9 o'clock a. m., and there is evidence tending to show that it was accompanied by harsh, severe, and brutal treatment, although this is denied by defendant, and the jury accepted the denial as truth. Defendant pleaded in justification that he arrested plaintiff without a warrant under an ordinance of the city of Burlington, giving him authority and making it his duty to make an arrest of all suspicious characters wandering about the thoroughfares of said city, or who are acting suspiciously, and who cannot give satisfactory reasons why they are so wandering about. He further

*1. ACTION for false imprisonment: justification; instructions.*

pleaded that plaintiff was so wandering and acting at the time of his arrest, and refusing to give satisfactory reasons therefor, defendant placed him under arrest. It will be observed that defendant relied solely on the plaintiff's violation of the city ordinance in justification of the arrest, and pleaded that plaintiff had in fact violated that ordinance.

Notwithstanding the issues thus plainly made by these pleadings, the trial court instructed with reference to vagrancy, under the general statutory provisions, and also gave the following:

"Fifth. It is provided by the statute law of this state that all persons wandering about, and having no visible calling or business to maintain themselves, shall be considered vagrants, and that peace officers, upon finding persons engaged in the violation of this law, may arrest them and take them before a magistrate, to be dealt with as by law provided. It is claimed on the part of the defendant that in the arrest and detention of the plaintiff he was acting under this provision of law, and that he had at the time reasonable grounds to believe that the plaintiff was a violator of the same."

"Sixth. The defendant sets forth in his answer a certain ordinance of the city of Burlington, under which he claims to have acted in the said arrest of the plaintiff. But you are instructed in this connection that said ordinance is valid only so far as it states and is consistent with the said statute of the state relating to vagrants, as above explained to you; and so far as the said ordinance may attempt to extend the said law of the state, and impose additional restrictions upon citizens, it is void and has no effect, and will afford the defendant in this case no protection for any act he may have committed in violation of law."

As defendant did not claim to have acted under the state law, but in virtue of the specific provisions of an

ordinance adopted by the council of the city of Burling-
ton, these instructions were plainly erroneous.   Plaintiff
was not required to negative any offense save that for
which he was arrested, and when the trial court injected
into its instructions another, and one which plaintiff was
not called upon and had not attempted to meet, it com-
mitted error for which there must be a reversal.

The defendant pleaded that plaintiff was wandering
about the thoroughfares of the city, and refused to give
satisfactory reasons therefor.   In its ninth instruction the
trial court said, among other things, "that if defendant
had reasonable grounds, under the circumstances, and in
the exercise of ordinary prudence and caution, to believe,
as a reasonable man, that the plaintiff was without visible
calling or business by which to maintain himself, and
acted in good faith upon such belief in making the arrest,
you should find that the same was lawful, even if the de-
fendant had no formal warrant for the same."   No such
issue as is here presented was involved in the case, and
the error in the charge is apparent.

The sixth instruction, which we have quoted, was also
erroneous, for the reason that it was the duty of the court
to tell the jury that the provision of the ordinance on
which defendant relied was either valid or invalid, and
not to leave it to that body to select out what it conceived,
under the instruction, to be good, and reject that which
was bad.

As the arrest was made without a warrant, and as
defendant claimed that plaintiff was actually violating the
ordinance of the city, the court was in error in submitting
the question as to reasonable grounds of belief that plain-
tiff had committed the offense claimed.   Nothing but
actual damages were asked, and defendant's plea was that
plaintiff was guilty of the offense for which he was arrested.
Other instructions along the same line were also erroneous.
*Holmes v. Blyler*, 80 Iowa, 365.

Defendant made the arrest without a warrant, and plaintiff asked the court to instruct as follows: "(c) In the case it is admitted by the defendant that he had no warrant for the arrest of the plaintiff. The laws of the state permit an arrest without a warrant, 'on view,' as it is sometimes termed, either (1) when a public offense is committed or attempted in the presence of the officer; or (2) when a public offense has been in fact committed, and he has reasonable ground for believing that the person to be arrested has committed it. It is claimed by the defendant in his answer that he arrested plaintiff for the first cause,—that is, for a public offense committed or attempted in his presence; and, unless this fact has been proven by him by a fair preponderance of the evidence, his plea of justification has failed, and justification at your hands cannot be made out upon any other ground than that set up by the defendant in his plea of justification." This should have been given.

As to the manner of making an arrest, the court instructed as follows: "Twelfth. It was also the duty of the defendant, if he had lawfully arrested the plaintiff, to
2. MANNER of inform him of the nature of the charge against
arrest: in- him, and to take him before a magistrate
struction. 
within a reasonable time, in order that a judicial examination of the charges made against him might be had, and their correctness or falsity be determined. And if the jury should find, from a preponderance of the evidence, that the defendant, after arresting the plaintiff, failed to inform him of the charge against him, and to take him before a magistrate for examination within a reasonable time, and that the plaintiff has suffered damages by reason of such wrongful neglect of duty by the defendant, then it will be your duty to allow the plaintiff such damages as you may find, from a preponderance of the evidence, that he has sustained as the direct result of the said wrongful failure of the defendant to comply with the laws relating

to the arrest and detention of persons charged with crimes." This was also erroneous. Code, section 5199, defines the manner of making an arrest and the instruction is not in harmony therewith.

Defendant released plaintiff without taking him before a magistrate. The trial court gave the following instruction with reference thereto: "Thirteenth. In this

3. RELEASE from arrest: waiver of claim for damages. connection, however, you are instructed that, if the defendant had lawfully arrested the plaintiff, he was entitled to a reasonable time within which to bring him before a magistrate or court for trial, and that it was his duty in the meantime to continue him in custody; and you are further instructed that while the plaintiff was entitled to a speedy consideration of his case by a judicial officer, and while the defendant had no right to determine the extent of his guilt or innocence, yet if the defendant, before trial of the plaintiff could be had, became satisfied of his innocence, and offered to release him, and the plaintiff willingly accepted such release, he then cannot complain that he has suffered damages by reason of the failure of the defendant to place him upon trial before a court or magistrate." This was also erroneous, in that plaintiff's release, under the circumstances, would not amount to a waiver of any claims for damages.

Other instructions are complained of. We do not set them out, for to do so would unduly extend this opinion. We have sufficiently indicated our views as to the prin-

4. ARREST without warrant: duty of officer. ciples of law involved to guide the trial court on every proposition involved, save one, and that is the effect to be given the release of plaintiff by the defendant without trial. As the arrest was made without a warrant, it was the duty of defendant to take plaintiff before a magistrate, and make complaint before such officer. Code, section 662, 664, 5208. As he

VOL. 118 IOWA.—34.

failed to do this, but discharged plaintiff on his own motion, he became a trespasser *ab initio*. *Brock v. Stimson*, 108 Mass. 520, 11 Am. Rep. 390, and cases cited. The release, under the circumstances disclosed, did not constitute a waiver of damages. *Joyce v. Parkhurst*, 150 Mass. 243, 22 N. E. Rep. 899.

For the errors pointed out, the judgment must be, and it is, REVERSED.