(September 10, 1913.)

DAVID BARTER, Respondent, v. STEWART MINING CO., a Corporation, Appellant.

[135 Pac. 68.]

PERSONAL INJURIES—DIRECTED VERDICT—JUDGMENT—SUFFICIENCY OF EVIDENCE—ASSUMED RISK—NEGLIGENCE—INSTRUCTIONS.

1. *Held,* that the court did not err in overruling the appellant's motion for a directed verdict.

2. *Held,* that the evidence is sufficient to sustain the verdict of the jury, except as to the amount of damages.

3. *Held,* that the giving of certain instructions was not error.

4. *Held,* that the instructions given fairly stated the law of the case applicable to the issues and evidence.

5. *Held,* that the judgment is excessive and must be reduced, and unless plaintiff consents to a reduction of the judgment to $4,000, a new trial is granted.

APPEAL from the District Court of the First Judicial District, in and for Shoshone County. Hon. W. W. Woods, Judge.

Action to recover damages for personal injuries. Judgment reduced and affirmed as reduced, on conditions.

E. J. Cannon, Geo. M. Ferris, W. E. Cullen and Featherstone & Fox, for Appellant.

Respondent having full knowledge of alleged violations of the rules, and having taken no steps to inform the appellant of said fact, he cannot recover. (4 Thompson on Negligence, sec. 4164; *Reberk v. Horne & Co.*, 85 Minn. 326, 88 N. W. 1003.)

The respondent testified himself that he did not know of any rule which was in force and effect at the time of the accident with reference to trucks being upon the track. We contend, therefore, that he assumed any risk there was with reference to working under such conditions. (4 Thompson on Negligence, sec. 4625; *Gulf Ry. v. Williams* (Tex. Civ. App.), 39 S. W. 967.)

The following instruction: "The dangers and defects must be so obvious and apparent that a reasonably prudent man would have avoided them in order to charge the workmen with contributory negligence or the assumption of risk," is erroneous. (*Smith v. Potlatch Lumber Co.*, 22 Ida. 782, 128 Pac. 546; *Rippetoe v. Feely*, 20 Ida. 619, 119 Pac. 465; *Knauf v. Dover Lbr. Co.*, 20 Ida. 773, 120 Pac. 157; *Goure v. Storey*, 17 Ida. 352, 105 Pac. 794; *Larsen v. Le Doux*, 11 Ida. 49, 81 Pac. 600; *Zienke v. Northern Pac. Ry.*, 8 Ida. 54, 66 Pac. 828.)

The rule announced by this court in *Drake v. Union Pac. Ry.*, 2 Ida. 487 (453), 21 Pac. 560, and in *Minty v. U. P. Ry.*, 2 Ida. 471 (437), 21 Pac. 660, 4 L. R. A. 409, with reference to assumption of risk, shows clearly that the instruction here complained of is erroneous. (*St. Louis Cordage Co. v. Miller*, 126 Fed. 495, 61 C. C. A. 477, 63 L. R. A. 551.)

The verdict rendered by the jury in this case, $7,500 for the injuries sustained by respondent, is so excessive as to indicate that the jury rendered their verdict under the influence of passion and prejudice. (*Campbell v. Wheelihan-Weidaner Co.*, 45 Wash. 675, 89 Pac. 161; *Kansas City v. Reed*, 1 Ind. Ter. 245, 40 S. W. 898; *Phillips v. Pruit*, 26 Ky. Law Rep. 831, 82 S. W. 628; *Mueller v. Washington Water P. Co.*, 56 Wash. 556, 106 Pac. 476; *Collins v. City of Janesville*, 111 Wis. 348, 87 N. W. 241, 1087; *Nelson v. Bromley*, 55 Wash. 256, 104 Pac. 251; *Heck v. International etc. Co.*, 77 N. J. L. 4, 71 Atl. 150; *Lehmann v. Minneapolis etc. Ry.*, 153 Iowa, 118, 133 N. W. 328; *Gagnon v. Klauder-Weldon etc. Co.*, 174 Fed. 477; *Bell v. Globe Lumber Co.*, 107 La. 725, 31 So. 994.)

John P. Gray and Therett Towles, for Respondent.

The appellant conceded by its defense that it was its duty to promulgate reasonable rules and regulations with reference to the matters under consideration. The jury found that that had not been done. (*Lucey v. Stack-Gibbs Lumber Co.*, 23 Ida. 628, 131 Pac. 897; *Potlatch Lumber Co. v. Anderson*, 199 Fed. 742, 118 C. C. A. 180; *Cunningham v. Adna Mill Co.*, 71 Wash. 111, 127 Pac. 850; *Robinson v. City & E. G. R. Co.* (W. Va.), 76 S. E. 851.)

It is the duty of a master engaged in such a complex and hazardous business as operating a railroad to adopt and promulgate definite and suitable rules or regulations for the protection of its servants (4 Thompson on Negligence, sec. 4170; *Payne v. Oakland Traction Co.*, 15 Cal. App. 127, 113 Pac. 1074; *O'Brien v. Corra-Rock Island Min. Co.*, 40 Mont. 212, 105 Pac. 724); and also to use reasonable care to see that the same are enforced. (*Morrison v. San Pedro, L. A. & S. L. R. Co.*, 32 Utah, 85, 88 Pac. 998; Labatt, Master and Servant, 2d ed., secs. 1114, 1119; *Alaska United Gold Min. Co. v. Keating*, 116 Fed. 561, 53 C. C. A. 655; *Johnson v. Prince Line*, 123 App. Div. 547, 108 N. Y. Supp. 193; *Gaska v. American Car & Foundry Co.*, 127 Mo. App. 169, 105 S. W. 3; *Rutledge v. Missouri etc. R. R.*, 123 Mo. 121, 24 S. W. 1053,

27 S. W. 327; *Eastwood v. Retsof Min. Co.,* 86 Hun, 91, 34 N. Y. Supp. 196.)

Appellant maintains that the respondent assumed the risk of working under the conditions existing there for the reason that he testified that he did not know of any rule which was in force and effect at the time of the accident with reference to trucks upon the track. Such is not the law. (*Texas & P. R. Co. v. Eberheart,* 91 Tex. 321, 43 S. W. 510; *Sheehan v. N. Y. C. & H. R. Co.,* 91 N. Y. 332.)

The instructions objected to are approved in *Maloney v. Winston Bros. Co.,* 18 Ida. 740, 111 Pac. 1080; *Denbeigh v. Oregon W. R. & N. Co.,* 23 Ida. 663, 132 Pac. 112; *Barrow v. B. R. Lewis Lumber Co.,* 14 Ida. 711, 95 Pac. 682; *Lucey v. Stack-Gibbs Lumber Co., supra.*

The amount awarded in this case is not out of harmony with what has been allowed frequently in the courts for somewhat similar injuries. (*Maloney v. Winston Bros. Co., supra; Commerford v. Atlantic Ave. R. Co.,* 8 Misc. Rep. 599, 29 N. Y. Supp. 391; *Uren v. Golden Tunnel Min. Co.,* 24 Wash. 261, 64 Pac. 174, 21 Morr. Min. Rep. 242; *Henry v. Sioux City etc. R. Co.,* 75 Iowa, 84, 9 Am. St. 457, 39 N. W. 193; *Chicago v. Loebel,* 228 Ill. 52, 81 N. E. 796; *Thomas v. Union R. Co.,* 18 App. Div. 185, 45 N. Y. Supp. 920; *Vail v. Broadway R. Co.,* 6 Misc. Rep. 20, 26 N. Y. Supp. 59; *Texas Pac. R. Co. v. Overheiser,* 76 Tex. 437, 13 S. W. 468.)

SULLIVAN, J.—This is an action to recover damages for personal injuries received while in the employ of the defendant mining company. The trial resulted in a verdict and judgment in favor of the respondent in the sum of $7,500 and costs. Appellant's motion for a new trial was denied and the appeal is taken both from the judgment and the order denying a new trial.

Several errors are assigned which go to the action of the court in overruling appellant's motion for a directed verdict, the sufficiency of the evidence to sustain the verdict and to the giving of certain instructions.

The following facts are disclosed by the record:

The respondent was employed by the appellant at the time of the accident, in the capacity of loader on one of its trains used in carrying ore and waste out of the mine. This train was drawn by means of a motor propelled by electricity. The loader and the motorman are the only men employed on such a train. At the time of the accident the regular motorman on the train was one Breeding. Respondent was about thirty years of age at the time of the accident and had had considerable experience in working as loader and in other capacities in and about the mines. On the night of the accident it appears that he was attempting to operate the motor while pulling a train out of the mine. The superintendent of the mine was one William Beaudry. Beaudry and the shift boss under whom the respondent worked had requested Breeding, the motorman, to teach Barter how to run the motor, and instructed Barter to run the train in and out occasionally when the work was not heavy. On May 23, 1912, the respondent and Breeding were working on the night shift. The train had passed in and out of the tunnel several times and respondent had run the motor once or twice. After going into the tunnel with a train of empty cars and loading them, respondent started out, operating the motor. The track was clear when he went in. On the way out, while pulling the train of cars, without warning or notice of any kind, the motor car ran into a timber truck which had been placed upon the main track by an employee of a contractor in said mines, and the motor car, upon which the plaintiff was riding, collided with the timber truck and the respondent's foot was severely injured, which injury caused the loss of his second, third and fourth toes of the right foot and caused the joint of the great toe to become stiff. The only physician called by either party testified that such an injury as respondent sustained would probably give him trouble with his foot for perhaps one or two years after the accident, and the foot would then return almost to a normal condition except that the stiffness of the great toe was perhaps permanent, although that might be eliminated by an operation.

The first assignment of error is based on the ground that the court erred in denying appellant's motion for a directed verdict made at the close of all the testimony. After a careful examination of the evidence, we are satisfied that there is no merit in this assignment and that the court did not err in overruling said motion.

The next assignment is based on the insufficiency of the evidence to sustain the verdict and counsel makes nine specifications under that assignment, which are to the effect that the respondent failed to prove that his injury was brought about and caused by any negligence on the part of appellant; that the evidence conclusively shows that the appellant had adopted and was using reasonable care in enforcing proper rules and regulations for the conduct of the work being performed; that the evidence conclusively shows that respondent's injury was brought about and caused by the negligence of his fellow-servant; that the evidence shows that if there had been any violation of the rules of appellant with reference to permitting trucks to be placed on the track when the motor was in the mine, said violation was known to the respondent, and with full knowledge of said fact, he failed to communicate the same to the appellant; that the evidence shows that the respondent was at the time acting outside of the scope of his employment in operating the motor; that respondent failed to show that the violations of the rule in question, if there were any, were so frequent that they could be called habitual; that the respondent failed to show that the violations of said rule, if there were any, were called to the attention of appellant or that by reasonable diligence appellant should have known of the same; and that respondent failed to show that the appellant, with full knowledge of the violations of the rule, failed to take any steps to secure its enforcement.

We are satisfied that there was sufficient evidence upon all of the points above suggested to warrant the court in submitting the case to the jury and that there is sufficient evidence to sustain the verdict, except as to the amount of damages sustained by the respondent.

The evidence shows that it was suggested to the respondent by the proper agent of the appellant that he learn to operate the motor, as his services might be needed in that capacity. It also appears from the evidence that there had been several collisions in that tunnel between the motor and timber trucks or other cars placed upon the track, and that the appellant company knew of those collisions, and that this respondent did not; that the tunnel was poorly lighted and that there was no method of giving signals in case of danger. It was evidently intended by the management of the mine not to have trucks placed upon the track while the motor was in the mine, but we do not think the evidence shows that appellant employed effective measures to enforce a rule to that effect. Respondent was in the proper and orderly discharge of his duties when running said motor car by the direction of the superintendent and the shift boss, and had passed the place of injury but twelve or fifteen minutes prior to the injury. The track was clear at that time,—there was no obstruction there. He proceeded in the orderly and faithful discharge of his duty. The master, in the performance of some other work in this tunnel, through another employee engaged in an entirely separate class of work, caused or permitted to be placed on that track a low timber truck. The respondent, again in the discharge of his duty, started out of the tunnel with the train, and the place which had been safe but twelve or fifteen minutes before had now become dangerous and unsafe, and because of that change in its condition, the respondent was severely and permanently injured, without warning, without notice, without any knowledge of the danger. The tunnel was not well lighted; neither Breeding nor the respondent saw the truck; the tunnel was full of smoke and the respondent had a right.to assume that the master would keep and maintain that tunnel reasonably safe for the running of said motor.

We think the evidence sufficient to sustain the verdict except as to the amount of damages.

The giving of certain instructions is assigned as error, but we are satisfied, on a careful examination of the instructions and applying them to the evidence introduced on the trial, that

there was no error in giving said instructions.  Appellant had interposed two defenses—one, the assumption of risk and the other the negligence of a fellow-servant, and it is contended that the court failed to call the jury's attention, by proper instructions, to these two affirmative defenses, and that by failure to do so, the court erred.  In Instruction No. 4 the court in effect instructed the jury that if the plaintiff brought the injury upon himself by his own negligence, he was not entitled to recover; that Instruction No. 5 refers to the assumption of risk by plaintiff.  If counsel for appellant had desired more specific instructions in regard to the defense of assumption of risk and negligence on the part of plaintiff, they ought to have requested the court to give them.  We think the instructions of the court taken together fairly cover these two defenses.

The giving of other instructions is assigned as error.  On an examination of them we are satisfied that they fairly present the law of the case when applied to the issues and evidence.  At least, there is not sufficient error in them to warrant a reversal of the case.

As to the judgment being excessive, the evidence shows that the defendant's foot will in all probability, in the course of one or two years, return to almost its normal condition, aside from the loss of the toes; that it will not seriously affect his health, and the clear inference to be drawn from the evidence is that he will not be disabled from doing many kinds of manual labor.  That being true, we are satisfied that the judgment is excessive and must be reduced or a new trial granted.  This excessive judgment no doubt was the result of a misunderstanding of the evidence in the case, or resulted from passion or prejudice against the defendant.

If the plaintiff files his consent to a reduction of the judgment to a sum of $4,000 within thirty days after the *remittitur* is sent down, the district court is directed to reduce said judgment to the sum of $4,000, and in case the plaintiff fails and refuses to file his consent to such reduction, the trial

court is directed to set aside said judgment and grant a new trial. Each party to pay his own costs on this appeal.

Ailshie, C. J., and Stewart, J., concur.