## VON ARX v. SHAFER et al.

### (Circuit Court of Appeals, Ninth Circuit. May 7, 1917.)

1. FALSE IMPRISONMENT ⬩8—LIABILITY OF MAGISTRATE.

Under Comp. Laws Alaska 1913, §§ 2389, 2408, requiring defendants to be taken before a magistrate without delay, and providing that, when a defendant is brought before a magistrate, the magistrate must immediately inform him of the charges against him, and his right to counsel, it was the duty of a city magistrate, when he saw that the city marshal had a person under arrest, to cause the offender to be brought before him, and a charge to be made, and to afford him a hearing, or the opportunity of bail; and where, instead of doing this, he permitted the marshal to imprison the offender until the following day, and when his right to hold defendant was challenged by defendant's friends, asserted such right and said there would be nothing doing until the next day, he was liable in damages for false imprisonment, and was not entitled to claim immunity by reason of his office, as he never acquired jurisdiction of defendant's person or authority to hold him in jail.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 68–73.]

2. FALSE IMPRISONMENT ⬩8—LIABILITY OF OFFICER—DELAY IN TAKING BEFORE MAGISTRATE.

A city marshal, who imprisoned a person arrested by him and kept him in jail from 1 o'clock in the afternoon until 10 o'clock the next day, without taking him before a magistrate, in violation of Comp. Laws Alaska 1913, § 2389, was liable in damages for false imprisonment.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 68–73.]

In Error to the District Court of the United States for the First Division of the District of Alaska; Robert W. Jennings, Judge.

Action by Victor Von Arx against W. A. Shafer and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

J. H. Cobb, of Juneau, Alaska, for plaintiff in error.

Cheney & Ziegler, of Juneau, Alaska, for defendants in error.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The parties hereto will be designated plaintiff and defendants as in the court below. The plaintiff brought an action against the defendants to recover damages for false imprisonment. The defendant Shafer was the city marshal of the town of Douglas, Alaska, and the defendant Henson was the city magistrate. During the progress of the trial the court directed a nonsuit as to Hen-

son, and at the close of the evidence instructed the jury to return a verdict for the defendant Shafer. The court was clearly in error in both rulings.

The plaintiff and the defendant Shafer engaged in a personal altercation and fist fight on a street in Douglas. Bystanders separated them, and thereupon Shafer drew his revolver and told the plaintiff that he was under arrest. He took the plaintiff to the jail, and without lodging a complaint against him, or taking him before the magistrate, he confined him in jail, where the plaintiff remained from 1 o'clock in the afternoon until 10 o'clock the following morning, when he was brought into the courtroom, and Henson, the magistrate, made out a complaint. Henson testified that he made up his mind that the case was not strong enough to be prosecuted on the charge of resisting an officer, and that he thereupon wrote a complaint charging the plaintiff with using obscene and profane language, in violation of an ordinance of the town of Douglas. Thereafter plaintiff was found guilty by the magistrate, but on appeal to the District Court he was acquitted. At the time when the plaintiff was brought to the jail, Henson, was present. He testified to the following conversation at that time:

"He [Shafer] said, 'I have got Von Arx down here.' And I said, 'You look as though you had got somebody.' And he was mud from head to foot, his face was scratched, and that is all I said. He said, 'I am going on to get my dinner and cleaned up;'. and that is all I saw of the marshal."

Fuesi, a hardware merchant, testified that in the afternoon of the day of the arrest, in company with one Hunsaker, he went to Henson and said that he and Hunsaker would "go good" for the plaintiff; "Let him out; let him go home;" and that Henson said, "Nothing doing until to-morrow at 10 o'clock." It is not denied that Fuesi and Hunsaker were men of property, and on the trial Henson admitted that he knew that the plaintiff could furnish any reasonable bail. He denied, however, that Fuesi and Hunsaker offered to go bail for the plaintiff; but he admitted that at 5 o'clock that afternoon he had a conversation with Fuesi, in which the latter said:

" 'What are you holding Von Arx for? You have no right to arrest him.' I said, 'Well, I don't know about that; well, he is in jail.' He said, 'I know he is; I heard so, but you cannot keep him in jail.' I said, 'Well, I guess I can; I guess we can.' "

Upon the facts as they are admitted by both the defendants, a gross and wanton outrage was committed upon the plaintiff. He was a property owner, and for 12 years had been a resident of the town of Douglas. He was arrested and deprived of his personal liberty, the right to which is most jealously guarded in American jurisprudence, and imprisoned in jail for a period of 21 hours without a warrant, without the semblance of legal process, and upon no charge of violation of law. The plaintiff testified that before he was put in jail he asked Shafer to bring him into court, that Shafer made no answer, and that on approaching the jail he said to Shafer, "Here is Mr. Henson in the doorway," and that Shafer took his club and said, "Come on to jail," and immediately put him in jail. Shafer denied that the plaintiff made any such request, and he testified that after he put the plaintiff in jail

he went out home to his dinner, then took his clothes to the cleaners, and afterwards was engaged in looking after witnesses on the case, up to about 4 o'clock, and that he then went to Henson to make out a complaint, but failed to find him in the office at that time.

[1] The laws of Alaska, applicable to the case, are not materially different from those which prevail generally in the states. Section 2389, Compiled Laws, provides:

"That the defendant must in all cases be taken before the magistrate without delay."

And section 2408 provides:

"That when the defendant is brought before a magistrate upon an arrest, either with or without warrant, on a charge of having committed a crime, the magistrate must immediately inform him of the charge against him and of his right to the aid of counsel before any further proceedings are had."

It was the plain duty of Shafer, upon arresting the plaintiff, to take him forthwith to the magistrate. He had no right to defer this in order to eat his dinner, clean his clothes, or look after witnesses. Harness v. Steele, 159 Ind. 286, 64 N. E. 875; Ocean Steamship Co. v. Williams, 69 Ga. 251; Keefe v. Hart, 213 Mass. 476, 100 N. E. 558, Ann. Cas. 1914A, 716. In the case last cited the court said:

"The defendants had no right to detain the plaintiff to enable them to make a further investigation of the charge against him. It was their duty to bring him before the court as soon as reasonably could be done. * * * It cannot be said as matter of law that their delay for an hour and a quarter was reasonable."

It was the plain duty of Henson, when he saw that the marshal had the plaintiff under arrest, to cause the plaintiff to be brought before him, and a charge to be made against him, and to afford him a hearing or the opportunity of bail. Instead of so doing, he permitted the marshal to imprison the plaintiff, and later in the day, when his right to hold the plaintiff in jail was challenged, his answer was, "Well, I guess I can; I guess we can;" and further said:

"Nothing doing. I don't want to talk to you any more. There is nothing doing until to-morrow morning at 10 o'clock."

This is not a case in which Henson can claim immunity from responsibility by reason of his office of magistrate. He never acquired jurisdiction of the person of the plaintiff, or the authority to hold him in jail. Instead of obeying the plain provisions of the law, he pursued a course wholly different in nature.

"When he does this, he steps over the boundary of his judicial authority, and is as much out of the protection of the law in respect to the particular act, as if he held no office at all." Cooley on Torts, 416; Brosde v. Sanderson, 86 Wis. 368, 57 N. W. 49; Piper v. Pearson, 2 Gray (Mass.) 120, 61 Am. Dec. 438; Clarke v. May, 2 Gray (Mass.) 410, 61 Am. Dec. 470; La Roe v. Roeser, 8 Mich. 537; Truesdell v. Combs, 33 Ohio St. 186; Robinson v. Dow, Fed. Cas. No. 11,950; Pratt v. Hill, 16 Barb. (N. Y.) 303.

[2] It is equally clear, upon the facts as they are admitted, that Shafer also is answerable in damages for false imprisonment. In 11 Ruling Case Law, 800, it is said:

"The duty of the one making such an arrest to bring the prisoner before a proper magistrate or prosecuting officer, that proceedings for the trial of the

prisoner may be instituted, and that he may have an opportunity to give bail or otherwise procure his release, is even more imperative than if a warrant had been issued before arrest."

In Ocean Steamship Co. v. Williams, 69 Ga. 251, the court said:

"That it was the duty of the party making or causing the arrest to convey the person arrested, without delay, before the most convenient officer authorized to receive an affidavit and issue a warrant, is too plain to admit of cavil or dispute. * * * Time is not given to make an investigation of the facts of the transaction, but to procure the warrant. * * * The arrest is allowed only for the purpose of carrying the party before a magistrate."

In Harness v. Steele, 159 Ind. 286, 64 N. E. 875, the court said:

"But the power of detaining the person so arrested, or restraining him of his liberty, in such a case is not a matter within the discretion of the officer making the arrest. He cannot legally ·hold the person arrested in custody for a longer period of time than is reasonably necessary, under all of the circumstances of the case, to obtain a proper warrant or order for his further detention from some tribunal or officer authorized under the law to issue such a warrant or order. If the person arrested is detained or held by the officer for a longer period of time than is required under the circumstances, without . such warrant or authority, he will have a cause of action for false imprisonment against the officer and all others by whom he has been unlawfully detained ·or held."

In Leger v. Warren, 62 Ohio St. 500, 508, 57 N. E. 506, 508 (51 L. R. A. 193, 78 Am. St. Rep. 738), it was said:

"To afford protection to the officer or person making the arrest, the authority must be strictly pursued; and no unreasonable delay in procuring a proper warrant for the prisoner's detention can be excused or tolerated. Any other rule would leave the power open to great abuse and oppression."

In Brock v. Stimson, 108 Mass. 520, 11 Am. Rep. 390, Judge Gray said:

"The statute authorizes the arrest without a warrant, only as a preliminary step towards taking the prisoner before a court."

And the court held that, if the officer omits to take the prisoner before the court, he is liable to him for assault and false imprisonment.

In Markey v. Griffin, 109 Ill. App. 212, the court said:

"The right to release upon bail is so firmly grounded in our system of jurisprudence by federal and state Constitutions, and statute and common law, that one accused of crime, whether guilty or innocent, cannot be deprived. of the right with impunity. Whether bail shall be granted, or a party deprived of it, is not to be left to the determination of a city marshal or police officer."

Other cases of similar import are Schoette v. Drake, 139 Wis. 18, 120 N. W. 393; Jackson v. Miller, 84 N. J. Law, 189, 86 Atl. 50; Burke v. Bell, 36 Me. 317; Judson v. Reardon, 16 Minn. 431 (Gil. 387).

The judgment is reversed, and the cause is remanded for a new trial.