William Schreiner, appellee, v. Charles Hutter et al., appellants.

Filed April 30, 1920.   No. 20982.

1. False Imprisonment: Arrest: Wilful Delay. A warrant does not protect a sheriff from liability for wrongful and unauthorized acts committed by him in connection with its execution; and where, after making an arrest, he delays for an unreasonable length of time in bringing his prisoner before the magistrate, and such delay is through his indifference to duty, or through wilfulness, he will be liable in damages as for false imprisonment.

2. ———: Evidence: Reputation. In an action for damages for false imprisonment resulting from misconduct of such officer in the execution of a valid warrant, the reputation of the prisoner is not ordinarily in issue, since the arrest need not be justified, and it is proper to exclude testimony on behalf of defendant that plaintiff's reputation as a peaceable and law-abiding citizen is bad, nor can such testimony be introduced for the purpose of mitigation of damages, where damage to reputation is not specially pleaded by the plaintiff nor proved.

3. New Trial: Misconduct of Counsel. Where plaintiff's counsel is guilty of misconduct in making statements in argument of facts outside the record, and no objection is made by opposing counsel at the time nor until the argument is concluded, then, unless the misconduct of counsel is flagrant, a new trial will not be granted, where, upon the objections being made, the trial court admonishes the jury that the statements should be disregarded.

4. False Imprisonment: EVIDENCE. It is improper to admit, over objection, testimony to show that plaintiff had a wife and the number of his children.

5. Damages. Evidence examined, and verdict of $3,000 *held* excessive.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed on condition.*

*John A. Rine, John P. Breen* and *Jamieson & O'Sullivan,* for appellants.

*Benjamin S. Baker* and *William R. Patrick, contra.*

FLANSBURG, C.

Action against the defendant Hutter, as sheriff of Sarpy county, and his bondsmen, the Lion Bonding & Surety Company, based on alleged abuse of process and oppression in office exercised by the sheriff in the arrest and confinement of the plaintiff. Verdict for the plaintiff, and defendant appeals.

Defendant contends that the evidence does not sustain the verdict. Plaintiff lives at Bellevue, Sarpy county, Nebraska. In the fore part of January, 1917, plaintiff's son-in-law filed complaint against him, charging him with assault and battery. Plaintiff was an acquaintance of the sheriff. The sheriff, instead of making the ordinary arrest and taking the plaintiff into custody, notified him that he held a warrant for his arrest, and requested him to appear the following morning at 9 o'clock, which plaintiff did. Plaintiff was released on personal recognizance, and appeared for trial on January 11, at which time the complaint was dismissed and he was discharged.

On the same day the county attorney prepared and filed a second complaint, based on the same charge. A warrant for plaintiff's arrest was regularly issued and placed in the hands of the sheriff. On the following day the sheriff appeared at the home of plaintiff at Bellevue and placed him under arrest. Plaintiff asked if he would be able to return that evening, and was informed by the

sheriff that he might if he could give bond. In the presence of the sheriff plaintiff then told his wife to telephone plaintiff's attorney to arrange for bail. At 4 o'clock they started in an automobile for Papillion, the county seat. Testimony was introduced tending to show that the direct route was practically impassable, and that it was necessary to detour by the way of South Omaha. There is evidence showing that the drive to South Omaha actually took about 15 minutes, and that the drive from South Omaha to Papillion another 15 minutes. The sheriff, however, instead of making a continuous trip, stopped at South Omaha, placed the plaintiff in the city jail, and, leaving him there, spent the evening in South Omaha on personal matters. He did not return until about midnight, when the trip to Papillion was continued. Plaintiff was thus deprived of any opportunity to procure bail and spent the remainder of the night in the county jail. At 9 o'clock the next morning he was released by the magistrate on personal recognizance, was later tried, found not guilty, and was again discharged.

Further evidence was introduced tending to show that defendant had, a few days before the arrest, made statements showing ill will toward plaintiff and to the effect that he was going to "get him." The evidence, taken as a whole, was sufficient to raise an issue of fact as to whether the defendant, after making the arrest, failed to bring the plaintiff before the magistrate "forthwith," as ordered by the warrant, and whether he unnecessarily confined the plaintiff in the South Omaha jail, and unreasonably detained him there, with indifference to, or with wilful disregard of, plaintiff's rights and interests. It was the duty of the sheriff to act in strict compliance with the law and the direction given him by the warrant, and to bring his prisoner before the magistrate "forthwith," which means "within a reasonable time and without unnecessary delay," as the trial court properly instructed. A warrant does not protect an officer from

liability for wrongful and unauthorized acts committed by him in connection with its execution; and where, after making an arrest, he delays for an unreasonable length of time in bringing his prisoner before the magistrate, by reason of indifference to duty, or through wilfulness, he will be liable in damages as for false imprisonment. *Blocker v. Clark*, 126 Ga. 484, 7 L. R. A. n. s. 268; *Smith v. Weeks*, 60 Wis. 94; *Von Arx v. Shafer*, 241 Fed. 649, L. R. A. 1917F, 427, 428; *Keefe v. Hart*, 213 Mass. 476, Ann. Cas. 1914A, 716; *Wood v. Graves*, 144 Mass. 365; 32 Cyc. 542; 11 R. C. L. 798, sec. 11.

The defendant next complains that it was error to admit, over defendant's objection, the testimony we have mentioned tending to show statements by the defendant, made prior to the arrest, evincing ill will toward plaintiff. It must be remembered, however, that this is not, strictly speaking, a case of false imprisonment, but the gist of this action is the wrongful act of the officer while in the execution of a valid warrant. The warrant, regular and valid on its face, would be a complete defense to an action for imprisoning the plaintiff under it, except for the wrong committed by the officer in its execution. Where the officer acts in good faith and without a disregard for duty, the warrant is his protection. 32 Cyc. 542; *Leger v. Warren*, 62 Ohio St. 500, 51 L. R. A. 193. That there must be some wilful departure from duty is recognized in the cases above cited, although as it is said in the case of *Blocker v. Clark, supra*: "If the officer act in good faith, he is protected; but good faith may be negatived in other ways than by proof of spite or recklessness. The mere want of ordinary care is in some circumstances inconsistent with good faith." It was therefore proper, as we view it, that this testimony should have been admitted. It had some bearing upon the question of whether or not the defendant's treatment of the plaintiff was consistent with good faith, or whether his actions were through a wilful or intentional disregard of duty.

Defendant further contends that he should have been permitted to introduce proof to show that plaintiff's general reputation in the community as a peaceable, and law abiding citizen was bad.   This the trial court refused to allow him to do.  Plaintiff did not attempt to plead nor prove damage to his reputation.  Unless special damages are pleaded, character is not an issue in false imprisonment cases.   It could not be material here as tending to justify the arrest or the good faith of the defendant in taking the plaintiff into custody.  This was not an action for malicious prosecution.  The arrest was lawful and under a valid warrant. Probable cause to believe the plaintiff guilty was not an issue in the case. The plaintiff's reputation may have been injured by the charge that was made against him and by the arrest, but not, so far as it appears, by the irregular or unreasonable execution of the warrant by the sheriff.  Defendant, however, claims that plaintiff pleaded damage to his reputation.   The petition recites that the plaintiff was "humiliated, disgraced, and injured in his feelings." This is no more than to describe the mental suffering of shame and disgrace which it is alleged the plaintiff experienced.   That was the construction placed upon the pleadings at the trial.   The court in its instructions allowed damages for "mental pain and suffering," but not for injury to reputation.  We are of the opinion that the evidence as to reputation was properly excluded.  *Ryburn v. Moore,* 72 Tex. 85; *Bergeron v. Peyton,* 106 Wis. 377; *Diers v. Mallon,* 46 Neb. 121; 19 Cyc. 365.

Defendant complains of improper conduct on the part of plaintiff's counsel in argument to the jury.   Statements were made of matters outside the record with reference to the credibility of police officers in criminal cases.   Counsel said that it was a rule of law that their testimony should be taken with great care and caution. He alluded to the "police probe" and "conditions" of the police department of the city, and, referring to one of defendant's witnesses, exclaimed: "Do you know

him? I wish you knew him as well as I do." Defendant's counsel, however, made no objection to any of these statements during the argument, and remained silent in apparent acquiescence until the argument was concluded. Upon objection being then made, the court admonished the jury to disregard these statements, and to base their findings upon the testimony alone, and not upon statements of fact made in argument by counsel. The proper rule seems to be that, unless objections to improper statements in argument are made at once, and a ruling of the court obtained thereon, and exception taken, the questions of misconduct, unless flagrant, are not reviewable on appeal. *Clark v. State*, 79 Neb. 482; *Missouri, K. & T. R. Co. v. Nesbit*, 43 Tex. Civ. App. 630; *Western Union Telegraph Co. v. Apple*, 28 S. W. (Tex. Civ. App.) 1022; *Portland Gold Mining Co. v. Flaherty*, 111 Fed. 312; 3 C. J. 865, sec. 765.

We do not believe that the statements of counsel were of such a character that they would, in the face of the admonition of the court to disregard them, constitute such flagrant misconduct as to warrant the granting of a new trial. *Skagit Railway & Lumber Co. v. Cole*, 2 Wash. 57.

Defendant further complains that the trial court admitted in evidence over objection testimony to the effect that plaintiff had a family consisting of a wife and eight children. This testimony, we must hold, was improperly admitted. Though in one state it has been held that such evidence is admissible in a case of this kind, as tending to throw light upon the degree of mental humiliation the person wrongfully imprisoned would suffer (*Dodge v. Alger*, 53 N. Y. Super. Ct. 107), our court, in accord with the decisions in other jurisdictions, seem committed to the rule that the admission of such evidence is erroneous. *Kendall v. Aleshire*, 28 Neb. 707; *Bergeron v. Peyton, supra; Hotz v. Rediske*, 116 Wis. 353; *Carlile v. Bentley*, 81 Neb. 715.

In the instant case, the fact that plaintiff had a wife

and two children was incidentally in the record, since their actions concerning the matter.in controversy were involved, and their testimony was introduced. The testimony complained of, however, unnecessarily disclosed the fact that there were six children other than those mentioned. The great preponderance of the testimony shows—in fact, it appears to us almost beyond reasonable dispute—that the defendant was guilty of acts of oppression exercised upon the person of the plaintiff, and that a verdict in favor of the plaintiff was the proper one. However, the evidence improperly introduced no doubt had some influence upon the jury in stirring their sympathy, and perhaps in enhancing damages.

The verdict appears to be excessive. The plaintiff was properly arrested and taken into custody. His right to damages rests solely upon unnecessary delay in bringing him before the magistrate. His testimony shows that he was treated in a courteous and gentlemanly manner by the defendant. At the time in question the weather was severely cold, and plaintiff's testimony shows that the jail at South Omaha was cold, and that he became sick and infested with vermin; that he was able to earn $7.50 a day, and that he was rendered incapable of performing any work for a month. Damages to reputation are not involved. The jury's verdict was for $3,000. That the jury was actuated by passion or prejudice or undue sympathy for the plaintiff or his family seems clear. *Kendall v. Aleshire, supra;* 19 Cyc. 372.

We recommend that the judgment be reversed and the cause remanded for further proceedings, unless the defendant shall, within 40 days, file a remittitur in the sum of $1,500; but that, in case such remittitur is so made, the judgment be affirmed.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is reversed unless remittitur is filed; otherwise affirmed, and this opinion is adopted by and made the opinion of the court.

AFFIRMED ON CONDITION.