## Satterly v. Thornton.

(Decided June 18, 1920.)

### Appeal from Spencer Circuit Court.

1. Assault and Battery—Action for Assault—Appeal and Error.—In a suit for assault where the issues were properly submitted to the jury a verdict in favor of the defendant will not be reversed where there is evidence to support it.

2.  Trial—Argument of Counsel.—Where alleged improper remarks
    of counsel in his opening statement to the jury were not ob-
    jected to, and there was no motion to strike same from the
    record a reversal will not be ordered.

3.  Trial—Argument of Counsel.—Where the court sustained an
    objection to improper remarks of counsel in his argument to the
    jury and admonished the jury not to consider same, the action
    of the court in sustaining the objection cured what otherwise
    might have been a reversible error.

4.  Bail—Right to Release on Bail.—Accused was arrested on a
    peace warrant. On his way to the jail he notified the arresting
    officer that the companion who accompanied him was ready to
    go on his bond, and he asked to be taken before the police
    judge who issued the warrant. The arrest was made in the
    morning, the police judge was in his room, his office was at
    the time in the court house and but a few feet from the jail.
    Held under the circumstances defendant should have allowed
    accused to give bail.

S. K. BAIRD for appellant.

L. W. ROSS and THAD CHEATHAM for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

Appellant, as plaintiff below, instituted this suit to
recover damages on two counts; one for assault and
battery, the other for false imprisonment. There was a
directed verdict for defendant on the second count, and
the jury found in his favor on the first. Plaintiff ap-
peals.

Defendant is the town marshal of Taylorsville. Feb-
ruary 5, 1918, county court day, he received information
there would be an attempt to release from jail one who
had been arrested for drunkenness. To prevent the es-
cape of the prisoner he remained at the court house that
night. The prisoner had created a disturbance follow-
ing his arrest. About ten o'clock p. m., while plaintiff,
his son and a companion were in a nearby restaurant,
hearing cries in the direction of the jail they stepped out
through a rear door of the restaurant to the jail yard
to see what was the trouble. The prisoner requested
them to get him a drink of water. Seeing these people
near the jail defendant, in company with his deputy,
hastened toward them and ordered them to move on.
Some words passed between the parties. Their respec-
tive version of the affair is detailed by the opposing wit-
nesses. Defendant in turn struck plaintiff, his son and

their companion with a billiard cue, which he had in his hand. The evidence of the assault is contradictory. This issue was submitted to the jury under proper instructions and the record contains nothing prejudicial to the rights of plaintiff in this regard.

Alleged improper remarks by counsel in his opening statement are urged as grounds for a reversal. The over statement by an attorney of his case is usually fraught with more danger to his side of the controversy than to that of his adversary. We do not see wherein the remarks complained of could have influenced the jury or affected their verdict. However, they were not objected to, nor was any motion made to strike same from the record.

It is next urged that counsel overstepped the bounds of propriety in his closing argument. We have written oftentimes that in arguing a case to the jury counsel should confine themselves to the facts disclosed by the record, or to reasonable deductions therefrom, and when they exceed these bounds they do so at their peril. See Pullman Co. v. Pulliam, 187 Ky. 213, 218 S. W. 1005, and cases therein cited.

The remarks pointed out were improper and should not have been made, but when they were objected to the court very promptly sustained the objection and admonished the jury that they were not to consider them, thus curing what might otherwise have been a reversible error.

Complaint is further made of two questions propounded the witness Greenwell, but here again the court promptly sustained the objection to the questions—they were not answered.

The court erroneously instructed the jury to find for defendant on the false imprisonment charge. A warrant issued against plaintiff by the police judge on May 20, 1918, was placed in defendant's hands for service. Said warrant commanded defendant to arrest plaintiff and bring him before the police court to answer a charge of a breach of the peace committed in Taylorsville on the 7th day of May. The form of the warrant substantially complied with that found in section 27 of the Criminal Code.

Plaintiff was arrested on the morning of May 20; on the way to the jail he inquired of defendant where he could find the police judge and was told the latter

was at the court house. When they reached the court
house he repeated the question about finding the county
judge, and informed defendant that the friend who ac-
companied them was prepared to go on his bond, where-
upon defendant said to come on he did not have time to
fool with him. They passed within about eight feet of
the judge's office, but notwithstanding plaintiff's re-
quest to be taken before the police judge, and his ability
to furnish satisfactory bail, defendant failed and re-
fused to comply with his request, placed him in jail and
locked the door. He did not remain long in jail; his
companion immediately appeared before the judge, ar-
ranged the bond and plaintiff was released. Under the
circumstances it was defendant's duty to have taken
plaintiff before the police judge and afford him the op-
portunity of furnishing bail and not subject him to the
humiliation of being placed in jail. He was so directed
by the warrant, and requested by the plaintiff, who ad-
vised him he had a bondsman ready. Under the pro-
visions of section 27 of the Criminal Code it is the duty
of the arresting officer to bring the prisoner before some
magistrate of the county in which the offense was com-
mitted; and in section 28, in misdemeanor cases it is pro-
vided that the person arrested may immediately give
bail, either before the magistrate who issued the warrant
or the judge of the county court. The defendant did
not comply with either of these Code provisions. Cir-
cumstances and conditions might arise under which it
would be impossible for the officer to take his prisoner
immediately before the proper official. For instance in
Pepper v. Mayes, etc., 81 Ky. 673, Pepper was arrested
under a warrant and brought before the justice at 11:30
p. m. Saturday, at which time he was crazed with drink
and manifested his dangerous condition in the presence
of the court by cursing an officer. It was then too late
to try the accused before midnight, had he been in con-
dition. We there held the justice of the peace was war-
ranted in committing the prisoner to jail in the absence
of bail. See also 5 C. J. 508; Note L. R. A. 1917F, 429;
Pratt v. Hill, etc., 16 Barb. 303. The facts of the two
cases are entirely different, as can readily be seen from
the statement thereof. Defendant should have followed
the directions of the warrant and taken plaintiff be-
fore the officer who had issued it. The evidence shows
the judge was in his office at the time.

There was no evidence controverting the statements made by plaintiff and his witnesses as to the occurrences on the morning of the arrest; this was probably due to the court's ruling on the subject. Upon a retrial, the evidence on this issue being the same, the court will direct the jury to find for the plaintiff, but should defendant introduce contradictory evidence the court will, under proper instructions, submit the case to the jury.

Wherefore the judgment is reversed for further proceedings consistent herewith.