(Nos. 5453, 5454.   May 17, 1930.)

NEWELL MADSEN, Appellant, v. CLYDE HUTCHISON, Sheriff of Teton County, and NATIONAL SURETY COMPANY, a Corporation, Respondents.

RAY MADSEN, Appellant, v. CLYDE HUTCHISON, Sheriff of Teton County, and NATIONAL SURETY COMPANY, a Corporation, Respondents.

[290 Pac. 208.]

Merrill & Merrill, for Appellants.

Hawley & Worthwine and Samuel Adelstein, for Respondents.

GIVENS, C. J.—Ray Madsen and Newell Madsen were placed under arrest on the afternoon of July 6, 1927, by the defendant, acting as sheriff of Teton county, and at 3 P. M. on that day were jailed in the county jail at Driggs. The warrants under which they were taken into custody were in proper statutory form. They commanded the sheriff to arrest the plaintiffs forthwith and bring them before the probate judge of Teton county, or in the case of his absence, before the nearest or most accessible magistrate in the county.

Each party thereafter sued the sheriff and his bondsman for false imprisonment. There are two appeals but the opinion disposes of both, the facts in each case being identical.

The trial court instructed the jury that the defendant sheriff was charged by law to take a party arrested before the magistrate who issued the warrant within a reasonable time after the arrest, and that a failure in this respect, if a magistrate was available, would constitute false imprisonment unless his failure was due to some circumstances over which he had no control. The jury was further instructed that

what constituted a reasonable time depended upon all the facts of the case.

The jury found for the defendants. The plaintiffs have appealed urging that the evidence is insufficient to support the verdict and that the court erred in failing to instruct the jury that the acts of the defendant sheriff constituted false imprisonment in view of the undisputed evidence.

It is not disputed that the plaintiffs were taken into custody by the sheriff and detained by him for five hours without making any effort to take them before a magistrate. It further appears from uncontradicted evidence that at the time of their arrest the probate judge who issued the warrant was standing on a street corner one block from the courthouse, and that at least one magistrate was available in his office near the jail for several hours after the arrest of the plaintiffs.

■ Where the facts are undisputed and they clearly establish the illegality of the detention, the jury should be directed to find for the plaintiff and to assess his damages. (*Keefe v. Hart*, 213 Mass. 476, Ann. Cas. 1914A, 716, and note, 100 N. E. 558; 25 C. J. 548.)

Respondents urge, however, that appellants did not request an instructed verdict, hence may not complain because it was not given, citing *Barter v. Stewart Min. Co.*, 24 Ida. 540, 135 Pac. 68; *Joyce Brothers v. Stanfield*, 33 Ida. 68, 189 Pac. 1104; *Lessman v. Anschustigui*, 37 Ida. 127, 215 Pac. 460. Conceding without deciding that this point is well taken, there remains the assignment of the insufficiency of the evidence to sustain the verdict.

■ C. S., secs. 8719 and 8720, provide that a prisoner must be taken before the magistrate issuing the warrant, or, under some circumstances, before some other magistrate, without unnecessary delay. The warrant under which the plaintiffs were arrested made compliance with this provision mandatory upon the sheriff. The sheriff failed to take the prisoners before a magistrate and made no effort to do so. After making an arrest an officer should be given some latitude in complying with the mandate of the statute and the

warrant, and circumstances may justify a reasonable delay. Here defendants did not attempt to prove any such circumstances. A magistrate was available. The time was midday. The prisoners were tractable. At 8 o'clock in the evening, their mother having procured bail, the prisoners were released on the orders of the magistrate who had issued the warrant. But at no time during their confinement were they taken before him.

In the case of *Hefler v. Hunt,* 120 Me. 10, 112 Atl. 675, the facts were very similar to the case at bar. The plaintiff brought an action for malicious prosecution after her arrest and detention for about nine hours. She was released without having been taken before a magistrate. The court held that the arresting officer was liable for false imprisonment because of his failure to return the process.

The rule seems to be that an officer arresting a person on criminal process who omits to perform a duty required by law, such as taking the prisoner before a court, becomes liable for false imprisonment (*Vernon v. Plumas Lumber Co.,* 71 Cal. App. 112, 234 Pac. 869; *Stewart v. Feeley,* 118 Iowa, 524, 92 N. W. 670; *Atchison etc. Ry. Co. v. Hinsdell,* 76 Kan. 74, 13 Ann. Cas. 981, and note, 90 Pac. 800, 12 L. R. A., N. S., 94; *Satterly v. Thornton,* 188 Ky. 553, 222 S. W. 1088; *Tubbs v. Tukey,* 3 Cush. (Mass.) 438, 50 Am. Dec. 744; *Brock v. Stimson,* 108 Mass. 520, 11 Am. Rep. 390; *Keefe v. Hart, supra; Pastor v. Regan,* 9 Misc. Rep. 547, 30 N. Y. Supp. 657; *Branch v. Guinn,* (Tex. Civ. App.) 242 S. W. 482; *Sands v. Norvell,* 126 Va. 384, 101 S. E. 569; 12 Am. & Eng. Ency. of Law, 2d ed., 747. See, also, *Von Arx v. Shafer,* 241 Fed. 649, 154 C. C. A. 407, L. R. A. 1917F, 427; *Schreiner v. Hutter,* 104 Neb. 539, 177 N. W. 826).

It should be observed that this breach of duty arises from the officer's total failure to act; that he does not fail in any duty if he merely delays a reasonable length of time in taking the prisoner before a magistrate, or for a longer time, if a longer delay is justified by all the circumstances of the case. (See *Atchison etc. Ry. Co. v. Hinsdell, supra.*)

Defendant urges that the question of a reasonable time for taking plaintiff before a magistrate was for the jury. This is true only where the facts are in dispute. Where there is no dispute as to the facts, as here, the question is for the court. (*Oxford v. Berry,* 204 Mich. 197, 170 N. W. 83; *Diers v. Mallon,* 46 Neb. 121, 50 Am. St. 598, 64 N. W. 722; 25 C. J. 550.)

The right to maintain the action having been established, plaintiff is entitled at least to nominal damages. (*Kossouf v. Knarr,* 206 Pa. St. 146, 55 Atl. 854; 25 C. J. 556.)

The judgment is reversed and the cause remanded, with instructions to the trial court to grant a new trial.

Costs awarded to appellants.

The petition for rehearing is denied.

Budge, Lee, Varian and McNaughton, JJ., concur.