## V. H. KENDALL ET AL. V. ELI ALESHIRE.

[FILED FEBRUARY 18, 1890.]

1. **Sheriffs:** FRAUD: FALSE IMPRISONMENT: BONDSMEN: LIA-
BILITY. M., sheriff of N. county, had in his hands a warrant
for the arrest of A. upon a criminal charge; A. was a resident
of Kansas and was not found in this state; M. went to Kansas,
and by the false representation, that he held a warrant for the
extradition of A. as a fugitive from justice, induced A. to submit
to arrest, and accompany him to this state, where he imprisoned
him; *Held,* that the acts of M. within the state of Kansas were
without either the virtue or the color of law and not binding upon
the sureties on the official bond of M., but that so much of the
imprisonment of A. as occurred within this state, though wrong-
ful, was done by M. by virtue of his office as sheriff, and for it
the sureties on his bond are liable.

2. **Evidence.** Certain testimony admitted on the trial examined,
and *held,* wrongly admitted.

ERROR to the district court for Nuckolls county. Tried
below before HAMER, J.

*G. R. Chaney, G. W. Stubbs,* and *C. F. McGrew,* for
plaintiffs in error:

The allegations of the petition are wholly insufficient to
warrant the admission of any evidence tending to hold the
bondsmen liable. They can be held only for acts done
*virtute officii;* not for those done *colore officii.* (*Huffman v.
Kopplekom,* 8 Neb., 344; *Ottenstein v. Alpaugh,* 9 Id., 240;
*Scott v. State,* 46 Ind., 203; *Gerver v. Ackley,* 37 Wis., 44;
*State v. Conover,* 28 N. J. L., 224; *Seeley v. Birdsall,* 15
Johns. [N. Y.], 267; *Mandeville v. Guernsey,* 51 Barb. [N.
Y.], 99; *Matter of Tilton,* 19 Abb. Pr. [N. Y.], 50; *Scloss
v. White,* 16 Cal., 65; *Bromley v. Hutchins,* 8 Vt., 194;
*Gaynor v. Wilde,* 38 Pa. St., 300; *Crane v. Bedwell,* 25
Miss., 507; *Kent v. Roberts,* 2 Story [U. S.], 191.) And
this is true even where acts *colore officii* amount to a per-

sonal trespass. (*Morris v. Van Voast,* 19 Wend. [N. Y.],
283 ; *State v. Mann,* 21 Wis., 693.)    Bondsmen of an of-
ficer do not become his sureties to keep the peace. (*State v.
Conover,* 28 N. J. L., 230.)   A sheriff, as a ministerial of-
ficer, can perform none but authorized acts. (*People v. Col-
lins,* 7 Johns. [N. Y.], 549 ; *Vose v. Deane,* 7 Mass., 280.)
If an officer undertake to serve process which he cannot
legally serve, his acts are simply those of a citizen and his
bondsmen are not liable. (*Gage v. Graffam,* 11 Mass., 181 ;
*Filkins v. O'Sullivan,* 79 Ill., 524.)   Evidence was im-
properly admitted as to conversation between the sheriff
and Aleshire in Kansas, in the absence of the bondsmen.
(1 Greenleaf, Ev. [13th Ed.], sec. 187.)

*S. A. Searle, contra:*

The acts of the sheriff, from the making of the com-
plaint to the imprisonment of defendant in error, were
done *virtute officii,* and constituted a breach of the bond
which gives an action against both principal and sureties.
(*Alley v. Daniel,* 75 Ala., 503; *Van Pelt v. Littler,* 14
Cal., 194; *Huffman v. Koppelkom,* 8 Neb., 344; *Koppel-
kom v. Huffman,* 12 Id., 98; *Trieman v. Haw,* 49 Ia., 315;
*Lammon v. Feusier,* 111 U. S., 17, 22; Murfree, Official
Bonds, sec. 303.)   Levy upon the goods of one not named
in the writ is a breach of the bond. (*Jones v. People,* 19
Ill. App., 300; *Noble v. Himes,* 12 Neb., 193.)   So also
is a seizure of property outside the county, under a writ
of attachment (*Parmlee v. Leonard,* 9 Ia., 131); and levy
on exempt property (*Strunk v. Ocheltree,* 11 Ia., 158).
Official acts are not confined to lawful acts performed in
serving process; else the sureties would never be liable.
(*Turner v. Sisson,* 137 Mass., 191.)   In the absence of
proof to the contrary, an officer *de facto* is presumed to be
one *de jure.* (*Prell v. McDonald,* 7 Kan., 426.)   An officer
cannot serve his own process. (Cooley, Torts, pp. 222,
223, and cases cited.)

COBB, CH. J.

This action was brought in the district court of Nuck-
olls county by Eli Aleshire, plaintiff, against Thomas A.
Meeker, V. H. Kendall, L. W. Beale, A. C. McCorkle,
L. B. Adams, and D. B. Ayres, defendants.

· The petition alleges the election of said Thomas A.
Meeker to the office of sheriff of Nuckolls county, for the
term of two years from the Thursday after the first Tues-
day in January, 1886; that he gave a bond as such sheriff,
with the other defendants as his sureties; took the oath of
office and entered upon the discharge of his duties as such
sheriff; that on the 12th day of October, 1886, while the
said Meeker was acting as such sheriff, under and by vir-
tue of said election and qualification, he filed a complaint
in writing before one A. Sterns, a justice of the peace in
and for Nuckolls county, charging the plaintiff with hav-
ing, on the night of October 2, 1886, feloniously and un-
lawfully stolen, taken, and driven away a number of neat
cattle of the aggregate value of $142. (Here follows a
copy of the complaint.) That at the time of making said
complaint said Meeker well knew that said Aleshire had
not stolen, taken, and driven away said animals, as charged
in said complaint, and that said Meeker had no reason to
believe, nor did he honestly believe, that said Aleshire was
guilty of said offense; that in making said complaint said
Meeker acted officially, as sheriff of said county, and did
so fraudulently, and with a design to harass and oppress
the said Aleshire; that upon the filing of such complaint
the said justice of the peace, with whom the same was filed,
issued a warrant in due form directed to the sheriff, Thomas
A. Meeker, to pursue and arrest the said Eli Aleshire, if
found in the state of Nebraska, and bring him before the
said justice, or some other justice of said county. (Here
follows a copy of warrant, together with the return thereon,
signed by T. A. Meeker, sheriff; that said writ was re-

ceived October 12, 1886, and that on the 15th day of Oc-
tober, 1886, he served the same on the said Eli Aleshire
by taking him into custody and then had his body before
this said justice; dated October, 16, 1886.)  That the plaint-
iff, on the date of said complaint and warrant was, and for
a long time prior thereto had been, a resident of Rawlins
county, in the state of Kansas, which fact was well known
to said Meeker at the time he made the said complaint and
received the said warrant; that in the execution of the said
warrant the said Meeker, acting in his official capacity as
such sheriff, pursued said plaintiff, Aleshire, out of the
state of Nebraska and into Rawlins county, Kansas, in-
tending thereby, under color of his office of sheriff, and
acting by virtue thereof, to harass and oppress the plaint-
iff; did pretend to arrest, and did arrest, the plaintiff in
Rawlins county, Kansas, and illegally and unlawfully,
and without authority of law for so doing, did convey the
said plaintiff out of the state of Kansas and into Nuckolls
county, Nebraska, where the said Meeker unlawfully and
unjustly detained the said plaintiff for the space of ten
days, and which detention, had and made as aforesaid, was
under color of his said office and by virtue thereof; and
that the said Meeker did on the 15th day of October, 1886,
without lawful authority, forcibly seize and confine the
said Aleshire in the county of Rawlins, in the state of
Kansas, with the intent him, the said Aleshire, to take
out of the state of Kansas against his will; and the said
Meeker did then and there, while so acting in his official
capacity as sheriff of Nuckolls county, pretend to said
Aleshire that he had authority, by virtue of the warrant
issued by a justice of the peace of Nuckolls county, to
seize and confine him, the said plaintiff, and take him out
of the state of Kansas into the state of Nebraska, and did
so confine him, the said Aleshire, and take him fraudu-
lently from the state of Kansas, intending to unlawfully
and unjustly harass and oppress him, the said Aleshire.

That the said complaint made by the said Meeker against the plaintiff was fraudulently and maliciously made, and without reasonable and probable cause, and the plaintiff was by the said Meeker falsely and maliciously charged with the larceny of said cattle, when there existed no reasonable and probable cause therefor; and that the said Meeker, under color of his said office and by virtue thereof, on the warrant issued and directed to and received by him as aforesaid, did on the 15th day of October, 1886, in Rawlins county, Kansas, seize and confine him, the said Aleshire, and convey him to Nuckolls county, Nebraska, and before the justice of the peace who issued the said warrant; whereupon, on the motion of the said Meeker, the hearing was postponed until the 18th day of said month, when on the further motion of said Meeker, the hearing was again postponed until the 19th day of said month, on which day the said Meeker failed to produce for and in support of his said complaint, any testimony; whereupon the court dismissed the cause, and discharged the defendant therein, the said Aleshire, and the said prosecution was then fully ended; that all the time, from the 15th day of October to the 19th day of said month, the said Meeker, without lawful authority, but while acting in his official capacity, and by virtue of his said office, did unjustly and unlawfully, and without probable cause, confine said Aleshire in the jail of said Nuckolls county, and so did not perform the duties of his said office, as required by law, but has therein wholly failed, and that, by reason of which said several premises, the plaintiff has been greatly injured in his credit and reputation, and brought into public scandal, infamy, and disgrace, and has suffered great anxiety of body and mind; and has been forced to pay out and expend large sums of money, to-wit, the sum of $50 in prosecuting his discharge from said imprisonment and in defending himself, and has been prevented, by reason of the premises, from transacting any business for the space of fifteen days, to the damage

of the plaintiff in the sum of $500, etc., with demand for judgment. A summons issued against all of the defendants and was returned served upon all except Meeker and Ayres, who were not found. Defendants Adams, Beal, Kendall, and McCorkle answered jointly, in form, but in substance, separately, each for himself and not for the others, admitting the election and qualification of defendant Meeker, as sheriff of Nuckolls county, the execution of the bond set out in the petition, by the said Meeker as principal and the answering defendants and one D. B. Ayres as sureties for said Meeker, on said bond; that if the said Meeker made the arrest charged in the petition in the state of Kansas, he did so without having first procured a requisition upon the governor of the state of Kansas for the delivery and return of said plaintiff to the state of Nebraska to answer a criminal charge, and they and each of them denied each and every other allegation contained in said petition, with demand for judgment.

There was a trial to a jury, with verdict and judgment for the plaintiff in the sum of $2,500.

The defendants bring the cause to this court by petition in error, and assignment of twenty-two errors, so many of which as are argued by counsel in the briefs and are deemed necessary will be considered.

The first error presented and argued in the brief of counsel is, "That the trial court erred in overruling the objection of defendants to the admission of any evidence upon the trial against the answering defendants." This objection was rightly overruled. The petition does contain a cause of action against the answering defendants. Meeker, as sheriff of the county, had a warrant in his possession, directed to him, issued by a justice of the peace of the county, for the arrest of the plaintiff upon a criminal charge; this warrant was, for aught that appears, fair on its face. It was the duty of the sheriff to arrest said Aleshire, defendant in said warrant, if found within this

state; it was not his duty, nor had he the power, to arrest him out of the state. When he entered the state of Kansas, his acts were those of an individual without either the virtue of office or the color of office, and yet there is a sense in which his acts, in the state of Kansas, are binding upon his sureties as sheriff. If while in that state he used either force or fraud upon Aleshire, by which he brought him across the dividing line into this state, and there held him in custody, as charged in the petition, so much of that act as was committed in this state was done *virtute officii;* and if wrongful, and to the prejudice of the plaintiff, the defendants are liable to him. We have stated above that had the sheriff *found* Aleshire in this state it would have been his duty to arrest him upon the warrant. But, if he brought him within the limits of the state, by force or fraud, although he was in fact in this state, he was not *found* within it, within the meaning of the law, or the language of the warrant; and his detention under these circumstances, while done *virtute officii,* was wrongful and actionable, and within the contemplation of his official bond. The illegality of Aleshire's detention and imprisonment in Nuckolls county springs out of, and is based upon, the force or fraud, or both, by which he was brought from Kansas to this state; and it is in this sense that the acts of Meeker are binding upon the sureties on his official bond in Nuckolls county. Had he assaulted, imprisoned, or otherwise wronged Aleshire, in Kansas, but never brought him to this state, he alone would have been liable.

The above views, I think, substantially dispose of the case. If they are correct it follows that there was a vast amount of irrelevant testimony permitted to go to the jury, over the objections of the defendants, which testimony was highly prejudicial to the defendants. Of this character is all that part of plaintiff's testimony in relation to the condition in which he left his family at their home

in Kansas, the amount of stock they had to care for, the plans he had made for providing for his family, his stock, and other property at the time of his arrest; the size and number of his family at the time of his arrest, and their age and condition. Also that, in relation to where plaintiff went after he was discharged from custody, how long he stayed there, and for what purpose; his necessary expenses for board and travel after he was discharged, the work he resumed after his return to Kansas, and the business he was engaged in at the time of his arrest; that the fact of his arrest became noised about in the neighborhood where he lived; that he lives in the same neighborhood yet; and the fact that his arrest became known to his friends in other states. None of this testimony was admissible as against the answering defendants, even if it would have been as against Meeker, which is doubtful; it was all admitted over defendants' objections and must be presumed to have contributed largely to swell the verdict.

The testimony of the plaintiff is clear that he was arrested by Meeker in Kansas, under the pretense that he had taken a requisition to the governor of Kansas, upon which a warrant had been issued for the arrest and extradition of Aleshire as a fugitive from justice. And it is admitted in the answer, that there was no such requsition. It therefore follows that Meeker, by fraud, induced Aleshire to submit to arrest by him in Kansas, and by this means got him into this state, where he held him in prison by virtue of his office and the warrant which he held; yet, nevertheless, wrongfully and unlawfully, by reason of the wrongful and fraudulent means resorted to to bring him within the reach of the office and warrant of Meeker.

As above stated, so much of the imprisonment of the plaintiff as took place within this state was for the reasons above stated, in violation of the official bond of Meeker as sheriff, being wrongful, yet done by virtue of his office, and

for the damages directly resulting therefrom the answering defendants are liable.

The judgment of the district court is reversed and the cause remanded for further proceedings, unless the defendant shall, within forty days from this date, make and file in this court a remittitur in said cause in the sum of two thousand dollars, of the date of the judgment in the district court; but that in case such remittitur is made and filed within the time limited, said judgment is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.