## Ex Parte Sam Sykes.

No. 2991. · Decided March 23, 1904.

**1.—Habeas Corpus—Warrant to Different County.**

Before a warrant of arrest issued by a magistrate can be executed outside of his county, it must be indorsed by a magistrate of such other county, as the law directs.

**2.—Same—Extraterritorial.**

A warrant issued in Dallas county, Texas, can not be executed in the Indian Territory.

Original application from Dallas for the writ of habeas corpus, upon an arrest on a capias pro fine.

The opinion states the case.

*W. A. Hudson,* for relator.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This is an original application for the writ of habeas corpus. The agreed facts show that relator was convicted of vagrancy in the justice court of Dallas County, and fined $3 and costs, aggregating $32.40. After the conviction relator was put to work on the county roads of Dallas County; and about October 22, 1903, escaped from custody, and was arrested January 15, 1904, on a capias pro fine issued by the said justice of the peace, the return of the sheriff thereon being as follows: "Came to hand the 6 day of Nov. 1903, and executed the 15 day of Jan. 1904, by arresting the within named defendant in Ardmore, I. T., and confining him in the Dallas County jail. J. Roll Johnson, sheriff." It is agreed that the relator had worked sufficient to pay off his fine and costs on the vagrancy conviction. The sheriff taxed as costs on the return of the capias pro fine the sum of $35, being $1 for the arrest, and $34 mileage to the State line. Relator's contention is that this $35 is improperly taxed against him, and that he can not be held by virtue of his failure and refusal to pay it. Article 259, Code of Criminal Procedure, provides that before warrant of arrest issued by a magistrate can be executed outside of his county it must be indorsed by a magistrate of such other county, and article 260 prescribes the form of indorsement. Inasmuch as this warrant was not indorsed as prescribed by the statute, the sheriff would not have had the right to make the arrest outside of Dallas County. Besides, the arrest having been made outside of the State of Texas, in Ardmore, Indian Territory, was without authority. Therefore, the arrest being without authority of law, the sum of $35 costs taxed by the sheriff was improper; and we accordingly hold relator should be discharged from custody and not be required to pay said $35.

*Relator discharged.*