## KIRKES v. ASKEW, Sheriff, et al.
### No. 170.

District Court, E. D. Oklahoma.
March 30, 1940.

Guy L. Andrews, of McAlester, Okl., for plaintiff.

Robert J. Bell, of McAlester, Okl., for defendant.

RICE, District Judge.

Two questions are presented by the motion to dismiss filed herein by the defendant, United States Fidelity and Guaranty Company. First, may a foreign corporation, an insurance company qualified to do business in the State of Oklahoma, be served with a summons and sued in any of the federal courts of Oklahoma, in a case otherwise properly brought in such federal court? Second, is the surety on the official bond of a county sheriff liable for acts of the sheriff in executing a warrant of arrest outside the territorial limits of the state?

. Service of process upon the United States Fidelity and Guaranty Company in this case was had by leaving a copy of the summons and complaint filed herein with Jess G. Read, the Insurance Commissioner of the State of Oklahoma, who resides in Oklahoma City, which City is located within the Western Judicial District of the State of Oklahoma. The co-defendant, Askew, resides in and was served with summons in Latimer County within the Eastern District of the State of Oklahoma. He was sheriff of that county, and the bond executed by the surety company

was filed according to law in Latimer County. As to the venue of actions against an insurance company, the statutes of Oklahoma provide as follows: "Any surety company doing business under the provisions of this Article, may be sued in respect thereof, in any court of the United States or the State of Oklahoma, which has jurisdiction of actions on suits upon such recognizances, stipulations, bond, or undertaking, was made or guaranteed. And for the purpose of this Article, such recognizance, stipulation, bond, or undertaking shall be treated as made or guaranteed in the county in which the office is located, to which it is returnable, or in which it is filed, or in the county in which the principal of such recognizance, stipulation, bond or undertaking, resided when it was made or guaranteed." Section 10615, Oklahoma Statutes 1931, Title 18 Okl.St.Ann. § 485.

Under admission requirements for foreign insurance companies, the statutes of Oklahoma provide as follows: "No foreign insurance company shall be admitted and authorized to do business in this State until: * * * Fourth: It shall, by duly executed instrument filed in his office, constitute and appoint the insurance commissioner, or his successor, its true and lawful attorney, upon whom all lawful processes in any action or legal proceeding against it may be served and therein shall agree that any lawful process against it, which may be served upon its said attorney, shall be of the same force and validity as if served upon the company, and that the authority thereof shall continue in force, irrevocable, as long as any liability of the company remains outstanding in this State. Any process issued by any court of record in this State, and served upon such commissioner by the proper officer of the county in which said commissioner may have his office, shall be deemed a sufficient process on said company, * * *." Section 10474, Oklahoma Statutes 1931, Title 36 Okl. St.Ann. § 101.

The defendant, Askew, being a resident of the Eastern District of Oklahoma, this suit was properly brought in the United States District Court for the Eastern District of Oklahoma, 28 U.S.C.A. § 113. Any doubt as to the right to sue the defendant, United States Fidelity and Guaranty Company, in this court under the facts of this case, was put to rest by the decision of the Supreme Court of the United States in Neirbo Company et al. v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. ——, and Oklahoma Packing Co. et al., formerly Wilson & Company, Inc., of Oklahoma et al. v. Oklahoma Gas & Electric Co. et al., 10 Cir., 100 F.2d 770—same case Supreme Court of the United States, 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. ——. The first question must be answered in the affirmative.

In consideration of the second question, the following facts set forth in the complaint are relevant. The defendant, Askew, was at all times mentioned therein the sheriff of Latimer County, Oklahoma, and the codefendant, United States Fidelity and Guaranty Company, was the surety on his official bond. The plaintiff was charged with crime in a Justice of the Peace Court of Latimer County, and a warrant for his arrest issued and was delivered to the sheriff, who then, by telegram, requested the sheriff of Yuma County, Arizona, to arrest and hold plaintiff. This the Arizona sheriff did. Plaintiff, upon his arrest, agreed to waive the formalities of extradition, and the defendant sheriff proceeded with the warrant to Yuma County, Arizona, where he found the plaintiff awaiting him in the County Jail; and thereupon defendant sheriff formally executed said warrant. Instead of immediately returning the plaintiff to Oklahoma, the defendant sheriff proceeded on a pleasure trip to the Worlds Fair at San Francisco, California, and left the plaintiff in jail for a period of about five days. The complaint does not disclose whether the plaintiff was ever brought to Oklahoma. As a result of being detained in the Arizona jail by the defendant sheriff, the plaintiff says his health was impaired, and he seeks damages in the sum of $5,000 from the defendant sheriff and the surety on his official bond. It is further alleged that the defendant sheriff was authorized by the proper officials of Latimer County to make the trip to Arizona, and that upon his return a claim for the expense of the trip was filed with the Board of County Commissioners of Latimer County, which claim was by them allowed and paid, and that this amounted to a ratification of his trip to Arizona.

Sections 7626 and 7627, Oklahoma Statutes 1931, Okl.St.Ann., Sections 511 and 512 of Title 19, require of a sheriff a bond conditioned on the faithful performance of the duties of his office. It is the duty of a sheriff to serve and execute, according to

law, all process issued by lawful authority. Section 7633, Oklahoma Statutes 1931, Section 514, Title 19, Okl.St.Ann. The Constitution and statutes of the State of Oklahoma both provide, for a sheriff for each county in the State. Article 17, Section 2, Constitution; Section 7606, Oklahoma Statutes 1931; Title 19, Section 131, Okl. St.Ann. In the chapter dealing with fees and expenses of a sheriff, there is the following provision: "In serving or endeavoring to serve criminal process, if it is necessary to go outside of the county, the sheriff or his deputy sheriff shall be entitled to charge and collect actual and necessary traveling expenses for himself and prisoner, if any, but, in all such cases, before the sheriff or his deputy is authorized to go outside of his county, he shall be ordered so to do by the County Attorney." Section 7852 Oklahoma Statutes 1931, Title 19, Section 541, Okl.St.Ann.

The only provision of law in the Oklahoma statutes for returning a prisoner to Oklahoma from another state pertains to the payment of the expenses involved, and is as follows: "When the Governor shall demand from the executive authority of a State or Territory of the United States, or of a foreign government, the surrender to the authorities of this State, of a fugitive from justice, the accounts of the persons employed by him for that purpose must be paid out of the state treasury." Section 3254, Oklahoma Statutes 1931, Title 22, Section 1134, Okl.St.Ann.

■ Congress has provided a method whereby fugitives may be apprehended in another state and returned to the state wherein they are charged with the commission of crime. 18 U.S.C.A. § 663. The law of Oklahoma and the law generally is that a warrant of arrest issued in one state may not be executed in another state, for it has no validity beyond the boundaries of the state by whose authority it was issued. Stuart et al. v. Mayberry et al., Thompson et al. v. Mayberry et al., 105 Okl. 13, 231 P. 491. To the same effect are the following: Passett v. Chase, Sheriff, 91 Fla. 522, 107 So. 689; Martin v. Newland, Sheriff, et al., 196 Ind. 58, 147 N.E. 141; Bowlin, Town Marshall, et al. v. Archer, 157 Ky. 540, 163 S.W. 477; Kendall et al. v. Aleshire, 28 Neb. 707, 45 N.W. 167, 26 Am.St.Rep. 367; Carpenter v. Lord, State Agent et al., 88 Or. 128, 171 P. 577, L.R. A.1918D, 674; Tarvers et al. v. State, 90

Tenn. 485, 16 S.W. 1041; Ex parte Sykes, 46 Tex.Cr.R. 51, 79 S.W. 538.

■ The sheriff of Latimer County, when he attempted to execute the warrant by arresting plaintiff in Arizona, was acting beyond any authority conferred upon him by said warrant, and beyond the scope of any authority conferred upon him as a sheriff under the laws of the State of Oklahoma. He had no authority to direct that the plaintiff be detained in jail while he, the sheriff, went to San Francisco. Those cases which held that the surety on a sheriff's official bond is liable when the sheriff acts by virtue of his office or under color of office, although he may act illegally, have no application when, as in this case, the sheriff leaves the state and places himself where he cannot act either by virtue of his office or under color of his office. Although the Attorney General of the State of Oklahoma has given an opinion to the effect that the County Commissioners may pay the expenses of a sheriff who goes to another state and returns a fugitive, we find nothing in this opinion that aids in determining whether or not the surety on the official bond of the sheriff is liable for misconduct of the sheriff outside the State of Oklahoma. The fact that the county paid the sheriff for the trip to Arizona did not, and could not, add to the authority of the sheriff and authorize him to execute a criminal warrant outside the State of Oklahoma. If the allegation of the complaint, wherein it is charged that the defendant sheriff was authorized by the proper officials of Latimer County to make the trip to Arizona, may be construed to mean that the County Attorney of Latimer County ordered the sheriff to go to Arizona, the same conclusion must be reached, for the statute of Oklahoma does not purport to authorize the County Attorney to order the sheriff to go to another state, arrest a person and return him to the State. If the statute purported so to do, it would in our opinion be invalid.

■ The plaintiff relies upon some language contained in the opinion of the Supreme Court of Oklahoma in Hodgson et al. v. Hatfield, Administrator, 112 Okl. 134, 240 P. 69, which tends to sustain the position of the plaintiff wherein he contends that the defendant sheriff was acting in his official capacity while in the State of Arizona. A careful reading of the opin-

ion in this case will show that such language was not necessary for the decision of the case; and, in addition, it is in conflict with the opinion of the Supreme Court of the State of Oklahoma in Stuart v. Mayberry, supra. The defendant relies upon McLean v. State of Mississippi ex rel. Roy, 5 Cir., 96 F.2d 741, 745, 119 A.L.R. 670, certiorari denied by the United States Supreme Court, 305 U.S. 623, 59 S.Ct. 84, 83 L.Ed. 399. In this case a sheriff from Mississippi, upon a Mississippi warrant, arrested in the State of Louisiana a suspected felon and transported him into the State of Tennessee, where the acts made the basis of the suit occurred. In discussing the question of liability, the court stated: "In Louisiana and again in Tennessee he [referring to the sheriff] did not, because he could not, act either virtute or colore officii. He had neither office nor color of office as a Mississippi sheriff while in another State, where Mississippi laws were not of force. Though the cases in Mississippi indicate that an officer may be held liable on his bond for acts which might elsewhere be held not official, we are satisfied that the surety for the holder of a mere county office is not bound by what his principal may undertake to do in another State. In such other state he is only a private citizen." Both under the Oklahoma law and under the federal law, as announced in the above case, it is the opinion of this court that the plaintiff has not stated a claim as against the United States Fidelity and Guaranty Company upon which relief may be granted, and that, therefore, the action should be dismissed as to the said defendant.

The defendant, Hughey Askew, files a motion to dismiss, and urges that, since the complaint is based upon the fact that it was his duty to execute the particular process and that he is nowhere sued as an individual, the complaint fails to state facts upon which relief may be granted. With this contention the court cannot agree. The allegations as to the official capacity of Askew are for the purpose of attempting to hold the surety. If they both were liable, the judgment would still be a personal judgment against Askew. The motion of the defendant, Askew, should be overruled. Judgment accordingly will be rendered at Muskogee on the 8th day of April, 1940. The attorney for the defendant will prepare a proper form of order accordingly.