

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 23, 1948

Hon. W. O. Williams,
County Auditor,
Grayson County,
Sherman, Texas

Opinion No. V-525.

Re: Authority to pay the travel-
ing expenses incurred by the
Sheriff beyond the boundary
of Texas in going to another
state for a fugitive and re-
turning him to Texas.

Dear Sir:

Your letter requesting an opinion from this of-
fice reads:

"Enclosed herewith is copy of my re-
quest to Hon. Wm. Ralph Elliot, County At-
torney, Grayson County, Texas, for his op-
inion on questions of law, and his written
opinion in answer thereto.

"I am of the opinion that Attorney
General's Opinion No. O-4088 dated Novem-
ber 15, 1941, declared Article 1030a, C.C.P.,
unconstitutional and the payment in question
cannot be made thereunder. It also appears
that if Article 1030a, C.C.P., is unconsti-
tutional, there may be some question as to
the constitutionality of Section 2, Article
1006, C.C.P., as that article attempts to do
practically the same thing as Article 1030a.

"Please let me have your opinion on
these questions."

The copy of your request addressed to Mr. Elliot,
County Attorney of Grayson County, reads:

"1.  Under Section 2, Article 1006, Texas
Code of Criminal Procedure, can the County
Auditor, Grayson County, Texas, legally ap-
prove payment from county funds to reimburse
the Sheriff of said county for actual ex-
penses incurred in travelling from the Texas

State line to Springfield, Mo., and return, in returning a prisoner to stand trial in Grayson County, Texas, on a misdemeanor charge?

"2. Under the same article, can the Auditor legally approve payment of such expense in returning a prisoner to stand trial on a felony charge?

"3. Before such payment could be made, would such officer have to be commissioned under Article 1005, Texas Code of Criminal Procedure?"

That request was answered by Hon. Hal Rawlins, Assistant County Attorney of Grayson County, from which we quote with approval as follows:

"All extradition proceedings are had by virtue of the authority given by the United States Constitution. Title 18, Section 662, U.S.C.A., provides that whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled charging the person demanded with having committed treason, felony, or other crime * * *, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and a notice of arrest given to such executive authority making such demand, and all costs or expenses shall be paid by such State making such demand.

"Under this Article, it has been held that extradition may be had of any person violating any act known to the laws of the demanding State, including a misdemeanor."

Our statutes, which are pertinent to your inquiry, are Articles 1005 and 1006, V.C.C.P. They respectively read:

Article 1005. "When the Governor deems it proper to demand a person who has committed an offense in this State and has fled to another State or territory, he may commission any suitable person to take such requisition. The accused, if brought back to the State, shall be delivered up to the sheriff of the county in which it is alleged he has committed the offense."

Article 1006. "Section 1, The officer or person so commissioned shall receive as compensation the actual and necessary traveling expenses upon requisition of the Governor to be allowed by such Governor and to be paid out of the State Treasury upon a certificate of the Governor reciting the services rendered and the allowance therefor."

"Section 2. The Commissioners' Court of the county where an offense is committed may in its discretion, on the request of the Sheriff and the recommendation of the District Attorney, pay the actual and necessary traveling expenses of the officer or person so commissioned out of any fund or funds not otherwise pledged."

The law is well established that a warrant of arrest or capias issued in one state may not be executed in another state, since such warrant or capias has no validity beyond the boundaries of the state by whose authority it was issued. 4 Am. Jur. 14, Sec. 19; 61 A.L.R. 380. Therefore, if a sheriff or other peace officer of this State should execute in another state a warrant of arrest or capias issued in this State, such an arrest would be without authority of law. Ex parte Sykes, 46 Tex. Crim. Rep. 51, 79 S. W. 538. A sheriff or other peace officer from one state has no authority to pursue and recapture in another state a prisoner held under process who escaped from custody and fled to such other state. In short, a sheriff or other peace officer has no jurisdiction beyond the boundaries of his state, and when he makes an arrest without his state his position is no better or different than that of a private citizen. 47 Am. Jur. 842, Sec. 29.

There is great difference between the authority of a sheriff or other peace office to act beyond the boundaries of his state and the authority of such officer when duly appointed and commissioned by the Governor of his state to act as an agent of the State for the purpose of returning a fugitive from justice. For the extradition of fugitives from justice is governed by the Constitution and statutes of the United States. Art. IV, Sec. 2, Cl. 2; Sess. 662, 663, U.S.C.A. State statutes, such as Articles 1005 and 1006, if consistent with the constitutional and statutory provisions of the United States, are enacted merely in aid of interstate rendition of fugitives from justice. An agent of the state, when duly appointed and commissioned by the Governor, is protected in the performance of his duty by the provisions of Section 663, U.S.C.A., which reads:

"Any agent so appointed as provided in Section 662 who receives the fugitive into his custody shall be empowered to transport him to the State or Territory from which he has fled. And every person who, by force, sets at liberty or rescues the fugitive from such agent while so transporting him, shall be fined not more than $500 or imprisoned not more than one year."

Section 1, Article 1006, provides for the payment by the State of Texas of the agent's actual and necessary traveling expenses incurred in the performance of his duties. Such expenses include those expenses incurred both within and without this State. The Legislature has made an appropriation of $25,000 for each year of the current biennium for that specific purpose - "Returning Fugitives from Justice."

Section 2, Article 1006, authorizes a Commissioners' Court of the county where an offense is committed, in its discretion, upon the recommendation of the District Attorney, to pay the actual and necessary traveling expenses of the sheriff incurred within and without the State, but only when he has been commissioned by the Governor an agent of the State in accordance with the provisions of Article 1005.

You have suggested that since Attorney General's Opinion No. O-4088 held Article 1030a unconstitutional there may be some question as to the constitutionality of Section 2, Article 1006.

In the opinion mentioned, a former Attorney General held that House Bill No. 411, Acts 47th Legislature, p. 669, subsequently codified by Vernon as Article 1030a, was unconstitutional for the reason it contained a deceptive and misleading title, contrary to the provisions of Section 35, Article III of the Constitution.

We have carefully examined the original Act of 1945 (Acts 49th Leg. p. 451) which added Section 2 to Article 1006 and have found no constitutional objections thereto, and none has been called to our attention.

In answer to all of your questions, you are advised it is our opinion that neither Section 2, Article 1006, nor any other statute, authorizes or permits the Commissioners' Court to allow or the County Auditor to approve for payment any item of expense incurred by a sheriff beyond the boundaries of this State in going after and returning a fugitive from justice from this State, <u>unless</u> he was commissioned by the Governor for that purpose in accordance with the provisions of Article 1005.

## SUMMARY

The Commissioners' Court has no authority under Section 2, Article 1006, V.C.C.P., or any other statute, to allow, or the County Auditor to approve for payment, any traveling expenses whatever incurred by a sheriff beyond the boundaries of this State in going after and returning a person charged with the commission of an offense, whether a felony or misdemeanor, in this State, unless he was first duly appointed and commissioned by the Governor as an agent of the State in accordance with the provisions of Article 1005, V.C.C.P.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

By *Bruce W. Bryant*

Bruce W. Bryant
Assistant

BWB:wb