No. 11,402.

## WILTSE v. HOLT.

FALSE IMPRISONMENT.—*Justification.*—*Marshal.*—*Constable.*—To an action for false imprisonment against a marshal or constable, an answer, that the defendant found the plaintiff on the street intoxicated, and having just assaulted a citizen, and arrested and detained him three hours until he became sober, when a criminal charge was regularly made before a justice, and the plaintiff fined, etc., is good on demurrer.

From the Rush Circuit Court.

*W. A. Cullen* and *B. L. Smith,* for appellant.

*J. Q. Thomas* and *J. J. Spann,* for appellee.

NIBLACK, J.—Action by Drury Holt, Jr., against Oliver Wiltse, Nathan J. Foust and J. Murray Rawls, for false imprisonment.

Wiltse answered separately in three paragraphs. The second paragraph was in general denial, and the first and third set up special matters in defence, to which demurrers were severally sustained.

The plaintiff obtained a verdict and judgment against Wiltse for the sum of $198, but failed in his action against Foust and Rawls. Wiltse, appealing, complains only of the decisions of the circuit court sustaining demurrers to the first and third paragraphs of his answer.

The first paragraph averred that on the 24th day of November, 1882, the time at which the appellee complained that he was unlawfully arrested and imprisoned, he, the said defendant Wiltse, was the duly elected, qualified and acting marshal of the town of Carthage, an incorporated town of the county of Rush, in this State; that on that day the appellant found the appellee within the corporate limits of said town in a state of intoxication; that not to exceed two minutes before the appellant had so found the appellee, the latter had entered the office of one Bogart, in said town of Carthage, and assaulted and violently beaten him, the said Bogart, having at the same time a pistol upon his person which he

tried to use upon said Bogart; that the appellant, having knowledge that the appellee had previously threatened the life of Bogart, and hearing the disturbance in the latter's office, and seeing the appellee emerge from the office in an intoxicated condition, and wild with excitement and anger, arrested him, and put him in a lock-up, informing him that as soon as he became sufficiently sober he, the appellant, would take him before a justice of the peace and prefer charges against him; that within three hours after his arrest the appellee was taken before a justice of the peace, where a charge .was preferred against him for an assault and battery upon the said Bogart, to which he, the appellee, pleaded guilty, and for which he was adjudged to pay a fine.

The third paragraph set up, substantially, the same facts, except that it averred that the appellant, in arresting the appellee, acted as a constable of the township.

Section 1702, R. S. 1881, provides that "All judicial officers, sheriffs, deputy sheriffs, coroners, constables, marshals, deputy marshals, police officers, watchmen, and conductors of all trains carrying passengers or freight within this State, while on duty on their respective trains, may arrest and detain any person found violating any law of this State, until a legal warrant can be obtained."

By section 5976 of the same statute, it is made the duty of a constable "To act as conservator of the peace, and apprehend, and take, forthwith, before the nearest justice, all who violate the law in his presence, and there charge them with such violation on oath."

A peace officer preserves the peace by preventing crime, as well as by causing it to be punished after it is committed, and in case of a breach of the peace it is his duty not only to put an end to the breach, but, when necessary, to make an arrest as a means of restraining the offender. When such an officer, for good cause, makes an arrest, he may adopt such usual measures as may be necessary for the safekeeping of the prisoner, without detaining him an unreasonable time.    Smith

Sheriffs, Coroners and Constables, 38; *Boaz* v. *Tate*, 43 Ind. 60; *Dœring* v. *State*, 49 Ind. 56 (19 Am. R. 669).

We have no brief from the appellee, and hence nothing pointing out specific objections to the paragraphs of answer before us. These paragraphs are quite voluminous, and the facts they contain might have been pleaded, perhaps, with greater compactness and certainty, but, construed with reference to the statutory provisions above set out, and to the other authorities cited, we see no substantial objection to their sufficiency.

Upon the facts as averred, the assault and battery upon Bogart was, in legal contemplation, in the presence of the appellant, and the condition of the appellee, at the time, was such as to render him, in all respects, a fit subject for arrest and detention until his intoxication should subside.

In view of his condition his detention was not for an unreasonable length of time.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

