ARNESON v. THORSTAD.

1. **Practice on Appeal:** INSTRUCTIONS NOT EXCEPTED TO. Error in instructions not excepted to is no ground for reversal.

2. **Criminal Law:** ARREST: SPEEDY TRIAL: DELAY ON ACCOUNT OF INTOXICATION. In an action against a constable for confining plaintiff for a time after his arrest, instead of taking him at once before a justice for trial, the court instructed the jury that it was the duty of the defendant, after arresting the plaintiff, to take him before the justice without delay, unless he was so intoxicated as to be apparently unfit to attend to his own rights, or unless he had other legal excuse for such failure. *Held* that, if the last clause was too general in not stating what would constitute other legal excuse, yet it was not prejudical to plaintiff in this case, because the evidence showed that plaintiff was in fact intoxicated; which was a good legal excuse for not bringing him at once to trial; for, even if he was not so intoxicated as to be unable to attend to his own rights, the justice could not properly be subjected to the annoyance of trying him while in that condition.

3. **Practice on Appeal:** CONFLICTING RULINGS OF TRIAL COURT: PRESUMPTION IN FAVOR OF LAST RULING. Where the instructions of the court proceeded upon the theory that there was evidence on a certain point, and a special interrogatory was submitted on that point, but the jury omitted to answer the interrogatory, and plaintiff moved for a new trial on that ground, but the court overruled the motion, *held* that it must be presumed that the court, upon further deliberation, concluded that there was no evidence to justify the submission of the question to which the interrogatory related, and that, in the absence of the evidence, it must be further presumed by this court that the last conclusion of the trial court was correct, and that it properly overruled the motion for a new trial.

*Appeal from Mitchell Circuit Court.*

THURSDAY, JUNE 23.

ACTION to recover for false imprisonment, and for oppressive conduct towards the plaintiff by the defendant as constable. There was a trial to a jury, and verdict and judgment were rendered for the defendant. The plaintiff appeals.

*L. M. Ryce*, for appellant.

No appearance for appellee.

ADAMS, CH. J.—The defendant, under a warrant issued to him by a justice of the peace, arrested the plaintiff, and confined him for a short time, previous to bringing him before the justice, in a railroad box car. The plaintiff claims that the defendant was guilty of a wrong in not bringing him before the justice at once, in order that he might be afforded a speedy trial, and still further in confining him in such a place, to-wit, in a box car which was unventilated and dirty, and in which there was nothing to sit on or lie on. but the floor. The evidence is not set out, and we have no means of knowing what the condition of the car was, or how long the plaintiff was confined in it. The jury found specially that he was intoxicated at the time of his arrest, and it seems probable that it was on account of his intoxication that he was not brought immediately before the justice for trial.

I. The plaintiff assigns as error the giving of certain instructions. We are not impressed, from such examination

1. PRACTICE on appeal: instructions not excepted to.

as we have given them, that they contain any error; but, if we thought otherwise, we could not make the error a ground of reversal, because the instructions are not excepted to.

II. The plaintiff asked the court, in substance, to instruct the jury that it was the duty of the defendant, after arresting the plaintiff, to take him before the justice

2. CRIMINAL law : arrest: speedy trial: delay on account of intoxication.

without delay, unless he was so intoxicated as to be apparently unfit to attend to his own rights. This instruction the court gave, adding, however, as a modification, "or unless the officer had other legal excuse for such failure." The plaintiff complains of the modification. The objection made is that the court did not explain what was meant by "other legal excuse," nor make any reference to the proofs. To this we have to say that we do not think that the plaintiff could have been prejudiced. The jury found specially that he was intoxicated. Being in that condition, he had no right to an immediate trial. We do not say that it was impossible for him to be in what might be

called a state of intoxication, and yet able to attend to his rights; but the justice could not properly be subjected to the annoyance of trying him when in a state of intoxication, even if he were capable of attending to his rights. The intoxication, then, which is shown to have existed, constituted a good legal excuse for not bringing the plaintiff immediately before the justice, and he cannot properly contend that, if the instruction had been more explicit upon the question as to what constitutes a legal excuse, the result might have been different.

III. There remained at most but one other question, and that was as to whether the car was a suitable place in which to confine him. The court below seemed to think, at the time the jury was charged, that there was such question under the evidence, and the jury was instructed to that effect. A specific interrogatory, also, was submitted, requiring the jury to find specially whether the car was a suitable place in which to confine the plaintiff. This interrogatory the jury omitted to answer, and the plaintiff moved for a new trial on account of the omission. The court overruled the motion, and the plaintiff insists that the court erred in so doing.

3. PRACTICE ou appeal: conflicting rulings of trial court: presumption in favor of last ruling.

Upon this point we have to say that it does not appear that the plaintiff was prejudiced. The burden was upon him to prove that the car was unsuitable. If he failed to do it, we must assume that the interrogatory, if answered, would have so shown. The evidence is not set out, and all we know about it is merely what can be inferred from what the court did. It first instructed the jury upon the theory that there was evidence tending to show that the car was unsuitable. In the absence of anything else, we should be justified in inferring that there was such evidence. But we have another and subsequent ruling of the court, and that is in overruling the motion for a new trial based upon the ground of the omission by the jury to answer the special interroga-

tory.   Every presumption in favor of this ruling must be indulged.   Can we suppose any ground upon which the court below could properly have overruled the motion?   It appears to us that we can.   It may be that the court below, upon looking into the evidence again, concluded that there was no evidence that the car was an unsuitable place in which to confine the plaintiff.   If this is so, the court must have concluded that the jury could not properly have answered the interrogatory in favor of the plaintiff, and that, if it had done so, the defendant would be entitled to have the special verdict upon that point set aside as without support in the evidence.   The plaintiff should not complain of an omission to answer a special interrogatory if the only proper answer under the evidence would have been unfavorable to him.   No evidence having been set out, we may presume it was such that no answer but an unfavorable one for the plaintiff could properly have been given.   In such case it would not be error to refuse a new trial.

The plaintiff presents several other questions, but the view which we have taken disposes of the case.   The plaintiff was intoxicated when arrested, and not in a fit condition to be taken immediately before the justice for trial.   It is not shown that there was any evidence tending to show that the car was unsuitable, and under the ruling of the court we may presume that there was none.   The judgment must be

AFFIRMED.