252 P.2d 199

**ANDERSON et al. v. FOSTER.**

No. 7799.

Supreme Court of Idaho.

Jan. 7, 1953.

342

William H. Foster and Dean Kloepfer, Burley, W. L. Dunn, Twin Falls, for appellant.

S. T. Lowe, Burley, for respondents.

THOMAS, Justice.

Respondents, Afton Anderson and Iloise Anderson, husband and wife, brought an action to recover damages from the defendant, a police officer of Burley, Idaho, who on the day in question was acting Chief of Police.

The complaint sets up two separate causes of action. In the first cause of action damages were sought for the unlawful arrest and assault and battery committed upon the ,respondent, Mrs. Anderson. In the second cause of action damages were also sought for false imprisonment of said Mrs. Anderson. .

The matter was tried before a jury which rendered a verdict on the first cause of action for $500 actual damages and $1000 punitive damages, and on the second cause of action for $2000 actual damages. From the judgment entered on the verdict, this appeal was taken.

About 6 o'clock P.M. on May 6, 1950, a party went to the home of the police judge in Burley, Idaho, and asked that a criminal complaint be filed against Mrs. Anderson for assault and battery. Such complaint was thereupon issued out of the Police Court, signed by the complaining witness, and the police judge issued a warrant for her arrest and endorsed thereon that it be served by day or night. The warrant was placed in the hands of appellant and another police officer who were attired in police uniforms and wearing police badges. They drove to and parked the police car in front of the 3-Forks Inn, a drive-in cafe' where confections, soft drinks and beer were sold. Here they found Mrs. Anderson and arrested her between 7 and 7:30 o'clock P.M.

The testimony as to what took place in connection with and the manner of the arrest is in many material respects hopelessly conflicting. At that time she was not engaged in the commission of or attempting to commit any offense. The testimony of the witnesses for respondents is to the effect that she was not informed as to the intention of appellant to arrest her, the cause of the arrest, his authority to make the arrest, nor did he show, or attempt to show,

or read, or attempt to read the warrant to her; that he commanded and directed her to get in the police car and go with him, refusing to tell her where he intended to take her although she made inquiry and challenged his right and authority to take her; she further testified that when she refused to go with him he committed assault and battery upon her person, detailing the physical injuries she sustained.

The witnesses for appellant testified that Mrs. Anderson was intoxicated when located at the drive-in cafe; this she denied; that she was mean and belligerent, but that she was not physically abused although forced into the car; that she was informed of the charge against her and that all efforts to either show her the warrant or read it to her were unavailing because she would not permit them to do so.

After she was forced into the car, it was driven to the police station. She testified that at the police station she complained to the desk sergeant about the alleged physical treatment and asked that she be permitted to consult an attorney. This testimony is denied by witnesses for appellant.

The police judge was not at the police station. There was testimony that an attempt to reach him by telephone failed. Mrs. Anderson testified that no call was made while she was in the police station. It was now about 7:30 o'clock P.M. Appellant thereupon placed her in the Cassia County jail and then drove home. He made no further effort to locate the police judge

or to take her before him. That same evening, about 9 o'clock P.M., Mr. Anderson, upon learning of her confinement went to the home of the police judge who then accompanied him to the county jail. Mrs. Anderson was then taken to his office. Thereafter, upon receiving a telephone call, appellant went to the office of the police judge. Mr. Anderson asked that he be permitted to post a bond and take his wife home. The police judge declined the request, asserting that she was intoxicated and that he would arraign her the following morning. Mr. Anderson challenged the opinion of the judge as to her intoxication without avail. Thereupon the judge orally ordered, in the presence of appellant, the acting Chief of Police, and another city policeman, that she be returned to the jail cell. Appellant then requested the other officer to, and he did, place her back in jail.

Mrs. Anderson was arraigned the following morning at about 9:30 o'clock. She pleaded guilty to the charge of assault and battery, paid the fine imposed, and was released from custody.

At the conclusion of the introduction of the evidence the court granted respondents' motion for a directed verdict on the second cause of action for false imprisonment, leaving to the jury pursuant to an instruction the determination of the amount of actual damages. Upon the second cause of action, respondents sought $2000 damages. The jury by their verdict in the second cause of action awarded damages for $2000.

■ Appellant makes two assignments of error with reference to the cause of action for false arrest and assault and battery, which will be considered first. It is urged that the court erred in striking from the evidence the criminal complaint issued out of the police court of Burley. After the complaint was received in evidence, it was read to the jury; later upon motion it was stricken from the evidence; the first cause of action was not based upon the absence of lawful authority to make the arrest but upon the proposition that defendant did not act under the warrant of arrest in the manner required by law; moreover, the warrant of arrest was received in evidence and the court instructed the jury that it was regular on its face and constituted authority for the officer to act thereunder; hence, it was for the jury to determine under the evidence whether the arresting officer acted under the authority of such warrant in the manner required of him under the statutes. Error, if any, in striking the complaint was not prejudicial.

■ While the manner of making the arrest is in all material respects conflicting, the jury, whose province it was to resolve the conflicts, did so under instructions which were not challenged. The arrest was made for the commission of a public offense (a misdemeanor) outside the presence of defendant officer; there was no flight, escape, or pursuit. The jury believed the testimony of respondent that no warrant was shown to her, that she was not informed of the intention to arrest her or the cause thereof, although she made request and refused to voluntarily submit; also that the officer assaulted her and used force in excess of that necessary to effect her arrest and detention.

■ If an officer making an arrest does not inform the person to be arrested of his intention to make the arrest, the cause of the arrest and the authority to make it, when the person to be arrested requests such, except when the person to be arrested is actually engaged in the commission of, or an attempt to commit, an offense, or is pursued immediately after its commission, or after an escape, such arrest is unlawful. Helgeson v. Powell, 54 Idaho 667, 34 P.2d 957; Secs. 19–603, subd. 1, 19–608 and 19–609, I.C.; 22 Am.Jur., p. 403, sec. 71; 22 Am.Jur., p. 365, sec. 19; 100 A.L.R. 189; 4 Am.Jur., p. 45, sec. 66, note 18.

■ The officer making the arrest must not subject the person arrested to any more force or restraint than is necessary for such arrest and detention; State v. Wilson, 41 Idaho 616, 243 P. 359; Secs. 19–602 and 19–610, I.C.; and he is guilty of assault and battery if he uses unnecessary and excessive force; 4 Am.Jur., secs. 73–74, pp. 52–53.

It is also urged that it was error for the court to hold that the officer serving the warrant was required to look behind the endorsement thereon that it might be executed at any time during the day or night,

before serving it. The court did not so hold. To the contrary, the court pointed out and instructed the jury that the warrant was regular on its face and constituted authority for the police officer to act thereunder.

It is urged that in view of the fact that Mrs. Anderson pleaded guilty to the complaint issued out of the police court and paid the fine imposed without objection as to the manner of arrest or the delay in taking her before the magistrate, such action purged the appellant of any illegal arrest, assault and battery or false imprisonment and that such constituted a waiver or bar to any right to recover damages allegedly arising therefrom.

Pleading guilty to a misdemeanor, following an arrest, which the plaintiff in a subsequent action for false arrest, assault and battery and false imprisonment alleges to have been illegal and accomplished by the use of unnecessary force, does not waive such person's right to recover damages for such assault and battery and for the unlawful arrest and the false imprisonment by which such party was unlawfully restrained of his liberty. McCullough v. Greenfield, 133 Mich. 463, 95 N.W. 532, 62 L.R.A. 906, 1 Ann.Cas. 924; Oleson v. Pincock, 68 Utah 507, 251 P. 23; Spain v. Oregon-Washington R. & Nav. Co., 78 Or. 355, 153 P. 470. See also 25 C.J. 525, sec. 108; 35 C.J.S., False Imprisonment, § 46(b), p. 575; 22 Am.Jur., sec. 94, p. 417.

The remaining assignments of error are primarily directed to an instruction given by the court directing a verdict for the respondents on the second cause of action for false imprisonment, leaving only to the jury, under the instructions, the determination of the amount of damages.[1]

The court therein instructed the jury that Mrs. Anderson, under the undisputed evidence, was unlawfully and illegally confined in the county jail from the time she

1. "Instruction No. 26.

"The Court instructs the jury that by their second cause of action the plaintiffs allege that the plaintiff, Illoise Anderson, was unlawfully and illegally confined in the county jail of Cassia County for the period of approximately fourteen and one-half hours. From the undisputed evidence in this case the Court has concluded, as a matter of law, and now so instructs you that at no time was said plaintiff legally or lawfully confined in the county jail but on the contrary, that her confinement in such jail was at all time illegal and wrongful; also that the defendant was so connected with the confinement as to render him personally responsible and liable for the damages sustained in consequence.

"Therefore, on plaintiffs' second cause of action you will determine under the rule stated in other instructions the amount of the actual damages sustained by the plaintiffs as a result of such confinement and return verdict on their second cause of action for such sum. You would not be warranted in returning verdict for punitive damages in addition to actual damages on the second cause of action. In returning verdict for the plaintiffs on their second cause of action you will be acting under the direction of the Court. The responsibility for that direction is not upon you but upon the Court."

was placed therein until the following day when she appeared before the magistrate, and that the defendant was so connected with such confinement as to render him personally responsible and liable for any damages sustained as a consequence thereof.

■ It was the duty of the arresting officer to take Mrs. Anderson before the magistrate without unnecessary delay and upon her request following the arrest allow an attorney at law, entitled to practice in the courts of record of this state, to visit her. § 19–515, I.C.

■ Where the facts are without dispute and clearly establish the illegality of the detention, the verdict should be directed allowing the jury to assess the damages for the false imprisonment, leaving for the court and not the jury the question of reasonable time for taking the person arrested before the magistrate; however, it is for the jury if the evidence is in conflict. Madsen v. Hutchison, 49 Idaho 358, 290 P. 208.

■ What is a reasonable delay under all the circumstances, if there be any dispute in the evidence, is generally for the jury. Madsen v. Hutchison, supra; 79 A.L.R. 17.

■ Among circumstances which may justify delay is the intoxication of the person arrested. There is a conflict in the evidence as to whether Mrs. Anderson was intoxicated. The question of the reasonableness of the delay in bringing her before the magistrate depends upon all the facts and circumstances, including the question of intoxication which, being in dispute, was for the jury. Arneson v. Thorstad, 72 Iowa 145, 33 N.W. 607; Pepper v. Mayes, 81 Ky. 673; Hutchinson v. Sangster, 4 G.Greene, Iowa 340; Scircle v. Neeves, 47 Ind. 289; Wiltse v. Holt, 95 Ind. 469; Schoette v. Drake, 139 Wis. 18, 120 N.W. 393; see also 35 C.J.S., False Imprisonment, § 31, note 29, p. 547; 79 A.L.R. 20, 21. This principle is also recognized in Clements v. Canon, 170 Okl. 340, 40 P.2d 640; Fouraker v. Kidd Springs etc., Tex.Civ.App., 65 S.W.2d 796.

■ It was prejudicial error to take from the jury the question of the reasonableness of the delay. in taking Mrs. Anderson before the magistrate under all the facts and circumstances, where, as here, there was a conflict in the evidence with reference to the matter of her intoxication.

■ By the above instruction the jury was informed that Mrs. Anderson was unlawfully confined in the county jail for approximately fourteen and one-half hours, that is, from the time she was first placed therein by defendant until she was released the next morning by the magistrate, and that defendant was so connected with such confinement as to render him personally liable and responsible for the whole of such period of restraint and confinement. This makes the arresting officer liable not only for so much of the confinement and restraint and false imprisonment as is unnecessarily occasioned by his failure to use

due diligence in bringing her before the magistrate, under all the facts and circumstances, but also liable for that portion of the confinement and restraint that could not have been prevented by the officer had he exercised due diligence in bringing her before the magistrate, but which was occasioned by the refusal of the magistrate to accept bail and release her that evening.

If the arresting officer unnecessarily prolongs the custody of the person arrested beyond the period within ·which he could by the exercise of due diligence bring him before the magistrate, he is liable for only so much of the confinement as is unnecessarily occasioned by his failure to use due diligence and is not ·liable for so much of the confinement as could not have been prevented had he exercised due diligence in bringing her before the magistrate. Restatement of the Law of Torts, Vol. 1, sec. 136, p. 318; this principle was recognized by this Court recently in the case of Smith v. Lott, 73 Idaho 205, 249 P.2d 803, where the court held that after the person arrested is taken before the magistrate, the responsibility as to further and future proceedings in connection therewith is that of the magistrate and not the arresting officer. See also Keefe v. Hart, 213 Mass. 476, 100 N.E. 558, Ann.Cas.1914A, 716; 79 A.L.R. 17.

We find no reversible error with reference to the first cause of action and the judgment as to such cause of action is affirmed.

We conclude that it was prejudicial error to direct a verdict with reference to the second cause of action, and it is ordered that the same be and hereby is reversed for the reasons heretofore set out and is remanded with directions to proceed in accordance with the views expressed herein.

Costs to appellant.

PORTER, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.