780 P.2d 599

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Daniel A. THOMAS,
Defendant–Appellant.**

**No. 17671.**

Court of Appeals of Idaho.

Oct. 2, 1989.

Kathleen E. Rivers, Roark, Donovan, Praggastis, Rivers & Phillips, Ketchum, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent. Ms. Stahman argued.

WALTERS, Chief Judge.

This is a DUI case. Following a conditional guilty plea, Daniel Thomas was convicted in the Magistrate Division of the District Court in Blaine County of driving while under the influence of alcohol. I.C. § 18–8004 (DUI statute). For this offense, Thomas was fined $750, he received a thirty-day sentence of which twenty-eight days were suspended, and his driving privileges were suspended for 120 days. Thomas' conviction was affirmed by the district court on appeal. Appealing further, Thomas contends that a private security guard who detained him at the scene of his arrest lacked probable cause to make a citizen's arrest, and that the guard failed to comply with the statutory requirements for effectuating a lawful citizen's arrest. For the reasons explained below, we affirm the district court's decision upholding Thomas' conviction.

The uncontroverted facts—as found by the magistrate—are as follows. On the evening of September 10, 1986, Stephen Breneman, a Sun Valley Company security guard, heard people yelling in the pool area adjacent to the Sun Valley Lodge. While

on his way to investigate the noises, Breneman observed a vehicle leaving the parking area and entering a circular or "loop" driveway beside the Lodge. Breneman could hear the sound of squealing tires. Upon closer examination, Breneman observed a vehicle complete the loop, drive through the parking area and enter the loop again. Breneman then positioned himself at the exit to the driveway, and signaled with his flashlight and whistled for the driver to stop. The vehicle accelerated toward Breneman who stepped out of the way. As the vehicle passed him, Breneman struck the rear fender with his flashlight. The vehicle kept going, then turned around and came back to Breneman and stopped.

Thomas, who was operating the vehicle, then opened his door and got out of the car. Breneman observed that Thomas was unsteady on his feet. He also detected the odor of alcohol on Thomas' breath. Because of the noise emanating from the vehicle's stereo, Breneman reached in the vehicle and turned off the engine. Breneman kept the keys to Thomas' vehicle in his possession, and asked Thomas to show his driver's license. In responding to Breneman's questions, Thomas' speech was slurred. Breneman then called his dispatcher and requested that the Sun Valley Police be called to the scene. While waiting, at no time did Breneman inform Thomas that he was under arrest. Approximately five minutes elapsed before Officer John Stoneback of the Sun Valley Police arrived. Breneman informed Officer Stoneback regarding his observation of Thomas, and also informed Officer Stoneback that he wished to make a citizen's arrest of Thomas. *See* I.C. §§ 19–601, 19–604. Officer Stoneback decided to administer several field sobriety tests on Thomas. After these tests were administered, Thomas was taken into custody by Officer Stoneback for a possible violation of the DUI statute and was transported to the Ketchum police station. A blood alcohol test was administered upon Thomas, which later revealed his blood alcohol level to be .253 percent. While at the police station, Thomas made several possible incriminating statements to the police. Thomas was subsequently charged with driving a motor vehicle under the influence of alcohol, and entered a plea of not guilty. Thomas then filed—with a magistrate—a motion to suppress all evidence obtained by Officer Stoneback on the theory that his arrest by Breneman was illegal. I.C.R. 12(b)(3). The magistrate concluded that Thomas was not placed under arrest until he was taken into custody by Officer Stoneback and therefore denied Thomas' motion. Thomas then entered a conditional plea of guilty with the magistrate and appealed to the district court. The district court affirmed the magistrate's denial of Thomas' suppression motion. This appeal by Thomas followed.

Thomas contends that his arrest occurred when security guard Breneman detained him prior to the arrival of Officer Stoneback. Thomas points out that, because Breneman confiscated his car keys after stopping him, he was not free to leave the scene and was therefore under arrest. Based upon this premise Thomas argues that, because Breneman was without probable cause to make a valid citizen's arrest, the evidence obtained pursuant to his re-arrest by Officer Stoneback should be suppressed. In support of his contention, Thomas points out that the only information available to Breneman at the time he stopped Thomas was that Breneman had heard yelling, he had heard squealing tires, he had seen Thomas' vehicle traveling through the loop driveway, and that he had smelled alcohol on Thomas' breath. Thomas contends that this evidence is insufficient to establish probable cause that a violation of the DUI statute had taken place. Finally, Thomas contends that, even if Breneman did have probable cause to effectuate a citizen's arrest, his failure to notify Thomas that he was placing Thomas under arrest, his failure to notify Thomas of the cause of the arrest, and his failure to notify Thomas of his authority for making such an arrest render the arrest unlawful. I.C. § 19–608; *see Anderson v. Foster,* 73 Idaho 340, 252 P.2d 199 (1953).

Preliminarily, we note our standard of review. When reviewing a district court's decision rendered in that court's appellate

capacity, we review the record before the magistrate independently of the district court's determination. *State v. Allison*, 112 Idaho 572, 733 P.2d 793 (Ct.App.1987). With regard to a suppression motion, we will defer to the magistrate's findings of fact where they are supported by substantial evidence. *See State v. Kirkwood*, 111 Idaho 623, 726 P.2d 735 (1986). As to questions of law, we exercise free review. *Standards of Appellate Review in State and Federal Courts*, IDAHO APPELLATE HANDBOOK § 3.2.1 (Idaho Law Foundation, Inc. 1985). Depending upon the outcome of our review, we will either affirm or reverse the district court's appellate decision accordingly. *State v. Hayes*, 108 Idaho 556, 700 P.2d 959 (Ct.App.1985) (review denied).

■ Based upon our review of the record, we conclude that the magistrate correctly decided that Thomas' arrest did not occur until he was taken into custody by Officer Stoneback. As pointed out in the magistrate's opinion, security guard Breneman did not originally detain Thomas; Thomas drove his vehicle back to Breneman and then voluntarily got out of his car. There was no evidence suggesting that Breneman actually restrained Thomas or took him into custody. I.C. § 19–602. While Breneman may have deprived Thomas of the use of his automobile, he never deprived Thomas of his ability to leave the scene on foot. Furthermore, it does not appear in the record whether Thomas ever insisted that Breneman return his keys to him during the five-minute interval between Thomas' stop and the arrival of Officer Stoneback. Based upon these facts, we believe that the magistrate was entirely correct in determining, as a matter of law, that no arrest had been made until Thomas was taken into custody by Officer Stoneback. In reaching our conclusion, we note that it is immaterial to our analysis that Breneman desired to make a citizen's arrest prior to Officer Stoneback taking Thomas into custody. Even if Breneman wished to make a citizen's arrest of Thomas, he had taken no action evidencing his intent to take Thomas into custody prior to the arrival of Officer Stoneback. *See State v. Hobson*, 95 Idaho 920, 523 P.2d 523 (1974). Finally, having concluded that it was Officer Stoneback and not Breneman who arrested Thomas, we find no merit to Thomas' argument that his arrest was illegal because Breneman had failed to inform him of the statutory requirements for effectuating an arrest.

■ Last, we address Thomas' issue regarding probable cause. Although he directly challenges whether probable cause existed for an arrest by Breneman, Thomas also inferentially attacks the existence of probable cause for his arrest by Officer Stoneback. Because we have concluded that Breneman did not effectuate the arrest of Thomas, we need not decide whether Breneman did indeed have probable cause to make any arrest. As to the arrest by Officer Stoneback, our standard of review of probable cause determination is bifurcated. We defer to the lower court's findings of fact when supported by substantial evidence, however, we exercise *de novo* review over the question of whether the facts as found constitute probable cause. *State v. Middleton*, 114 Idaho 377, 757 P.2d 240 (Ct.App.1988). In this case, Officer Stoneback was informed by Breneman of Thomas' driving behavior, the odor of alcohol on Thomas' breath, and Thomas' slurred speech. Officer Stoneback also observed Thomas' behavior. He then decided to conduct several field sobriety tests upon Thomas, all of which indicated that Thomas may have been intoxicated. Upon these facts, we conclude that a reasonable person could form a well-founded belief that Thomas was under the influence of alcohol and that he had been driving a motor vehicle. Therefore probable cause was established.

Accordingly, we affirm the district court's order upholding the magistrate's denial of Thomas' suppression motion. The judgment of conviction is affirmed.

SWANSTROM, J., and BENGTSON, J., Pro Tem., concur.